JOHN L. DOTSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 4661

THE STATE OF NEVADA, Appellant, v. JOHN L. DOTSON, Respondent.

No. 4687

February 5, 1964                    389 P.2d 77

*Earl M. Hill,* of Reno, for John L. Dotson.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Herbert F. Ahlswede,* Deputy District Attorney, Washoe County, for The State of Nevada.

## OPINION

By the Court, McNamee, J.:

On December 8, 1962 defendant and two other men were arrested in the men's room of a bar in Reno while they were holding a fourth man on the floor, striking him and ostensibly robbing him. Defendant was taken to the alley and searched, and during the search a switch-blade knife was found in his overcoat pocket. Defendant was first charged with disorderly conduct. This charge was dismissed. Defendant was then charged with carrying a concealed weapon and, under NRS 207.010, with

being an habitual criminal, in that he had been three times convicted elsewhere of crimes which under the laws of Nevada amount to felonies. Defendant was found guilty by jury verdict of carrying a concealed weapon, a felony. At the time for sentencing, the lower court, without giving the State an opportunity to be heard or present evidence concerning the prior convictions, ordered stricken from the information the allegations regarding the three prior convictions and rendered judgment sentencing respondent to a term of not less than one nor more than five years, which is the statutory sentence for carrying a concealed weapon. The statutory sentence under the habitual criminal statute is life imprisonment.

## Appeal No. 4661

This is an appeal by the defendant from said judgment.

Defendant's first assignment of error is that he could not have a fair trial because the information contained allegations of his three prior convictions. Although these allegations were never read to the jury, defendant nevertheless maintains that they were within the knowledge of the trial judge and that prevented him from having a fair trial. In this connection he personally moved the court for a change of venue before the selection of a jury on the ground that the information contained these allegations of former convictions. The motion was denied. On appeal, his counsel maintains that although the defendant called his motion a motion for change of venue, in legal effect it was a motion to disqualify the judge for bias and prejudice. It was the jury who determined the issues of fact. Such determination resulted in the verdict that defendant was guilty of carrying a concealed weapon. The jury had never been advised of the defendant's prior convictions.[1] Under our statutes the

---

[1]Subsection 3 of NRS 207.010 provides: "In proceedings under this section, each previous conviction shall be alleged in the accusatory pleading charging the primary offense, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of such conviction be read in the presence of a jury trying such offense."

trial judge would have no discretion in the rendition of judgment upon such a verdict. NRS 202.350 provides that any person convicted of carrying a concealed weapon "shall be punished by imprisonment in the state prison for not less than one year nor more than five years." Defendant's counsel nevertheless argues that the trial judge showed his bias by the admission in evidence of certain exhibits hereinafter described.[2] In allowing the admission of these exhibits the trial judge was determining matters of law rather than facts, and his action in this regard is a subject of review herein. Counsel has not otherwise pointed out any other action of the trial judge that might suggest bias. The record in fact suggests otherwise. Consequently the contention that the trial judge was biased and prejudiced against the defendant is rejected.

Defendant attacks the constitutionality of NRS 207.010, on the ground that the allegations of prior convictions in themselves prevent an accused from having a fair trial for the primary offense charged. This contention is without merit. People v. Maddox, 75 Cal.App.2d 478, 171 P.2d 561. Defendant's counsel admits that decisions contrary to Maddox represent the minority view.

Defendant next objects to the admission into evidence of the switchblade knife and of articles of his clothing. He claims that the switchblade knife and the clothing were obtained through an illegal search and seizure. The law is clear that if an arresting officer has reasonable cause to believe that a felony is about to be committed, an arrest without a warrant to prevent the commission of the felony is proper. A search of the person so arrested is reasonably necessary to the arresting officer's safety, and articles which otherwise would be admissible as evidence, seized as a result of such a search, are not to be rejected as evidence on the ground of unreasonable search and seizure. Snow v. State, 234 Ind. 234, 125 N.E.

---

[2]Defendant's counsel concedes however that if the exhibits were properly received in evidence "then I have no basis upon which to proceed."

2d 802; cf. Wyatt v. State, 77 Nev. 490, 367 P.2d 104. The articles of clothing, consisting of the dress suit and the overcoat that defendant was wearing at the time of his arrest, were properly received in evidence in rebuttal to the statements of defendant that the knife was his hunting knife.

Other assignments of error by the defendant on appeal relate to the State's attorney in his argument: (1) opining that the defendant is guilty—no objection to this statement was made in the lower court; (2) stating that defendant's counsel had resorted to trickery during the trial—defendant's objection to the statement was sustained and the court ordered the remarks stricken and admonished the jury to disregard them; and (3) representing to the jury that defendant had been charged with the crime other than disturbing the peace[3]—defendant's objection thereto was sustained, the remarks stricken, and the jury admonished. Under the circumstances we do not believe that any of these remarks by the prosecuting attorney prejudiced the defendant in respect to a substantial right.

Affirmed.

### Appeal No. 4687

This appeal is by the State from the judgment and from the order of the court striking from the information all reference to the three prior convictions.

Subsection 2 of NRS 207.010 provides in part: "Every person convicted in this state * * * of any felony, who shall previously have been three times convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony * * * shall be punished by imprisonment in the state prison for life."

The State argues that under this statute, upon defendant's conviction of the charge of carrying a concealed weapon, a felony, the imposition of a life sentence is mandatory.

It is apparent from the statute that the use of the

---

[3]One of the defendant's witnesses so testified.

word "shall" would compel a court to give the life sentence upon a felony conviction followed by proof of the three prior felonies alleged. We are not faced with that situation here. No proof of the prior convictions was made, and the court on its own motion ordered stricken from the information all reference thereto, prior to the rendition of sentence. The resulting sentence was proper under these circumstances. The wrong, if any, was the striking of the prior convictions.

NRS 178.510 provides: "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order any action after indictment found or information filed to be dismissed; but in such cases the reasons of the dismissal shall be set forth in the order, which must be entered on the minutes."

Under a similar statute, California has held that the power to dismiss the proceeding as to a prior conviction is within the power referred to therein. People v. Burke, 47 Cal.2d 45, 301 P.2d 241. Although that case concerned prior narcotic convictions, the same reasoning applies to prior felony convictions. In that case, as here, the State did not object to the striking of the charge of prior conviction, and that court held that such failure to object amounted to assent to the ruling. See also People v. Harris, 146 Cal.App.2d 142, 304 P.2d 178.

We hold that the action of the court in striking the prior convictions was within the power granted by NRS 178.510. That section however permits such action "in furtherance of justice" and requires: "the reasons of the dismissal shall be set forth in the order which must be entered on the minutes." The minutes fail to disclose that the trial judge gave any reasons for his action. A possible reason however appears from the information itself, which discloses that of the alleged prior convictions one occurred September 25, 1922, one September 3, 1930, and one October 2, 1948. Discussions concerning the striking of prior convictions appear in 33 Cal.St.B.J. 378 and 33 Cal.St.B.J. 556.

The order striking reference to prior convictions is

affirmed. The cause however is remanded with directions that the trial court enter in the minutes its reasons for the dismissal, pursuant to NRS 178.510. This affirmance is without prejudice to the State's right to appeal in the event the reasons stated for the dismissal are legally insufficient.

BADT, C. J., and THOMPSON, J., concur.