ROBERT FRANCIS DEAN, Petitioner, *v.* CARL
HOCKER, Warden, Respondent.

No. 4855

January 22, 1968                    436 P.2d 427

*Mack Fry,* of Reno, for Petitioner.

*Harvey Dickerson,* Attorney General, and *C. B. Tapscott,*
Chief Assistant Attorney General, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Robert Francis Dean was convicted of robbery and sentenced to not less than 5 years nor more than 15 years in the Nevada State Penitentiary. He thereafter petitioned this court for a writ of habeas corpus on the ground that illegally seized evidence was used to convict him. We ruled in Dean v. Fogliani, 81 Nev. 541, 407 P.2d 580 (1965), that although the evidence was illegally seized and should not have been admitted into evidence that the error thereby created was harmless, relying upon Fahy v. Connecticut, 375 U.S. 85 (1963). Dean then sought habeas corpus from the United States District Court for the District of Nevada again contending that his constitutional right against illegal search and seizure had been violated and that he should be released upon

that ground. By this time, however, the U.S. Supreme Court decided Chapman v. California, 386 U.S. 18 (1967), establishing that a federal constitutional error can be harmless if the court is able to declare a belief that it was harmless beyond a reasonable doubt.

The United States District Court for the District of Nevada ordered the entire file transferred to this court for reconsideration of the trial record in the light of Chapman, supra. Our court accepted the file for that purpose.

The record has again been reviewed, including the transcript of the final arguments before the jury, and we reaffirm our first determination.

In the arguments before the jury references were made to the jacket and gun, but in the entire setting of the case the jacket and gun were of no real significance. The bartender, having faced his assailant at gunpoint, positively identified Dean as the holdup man. The jacket was so short that it did not obscure the face of the robber. The confrontation was not merely momentary. Goff, the bartender, was taken from one room to another in the saloon, had several opportunities to gaze, as we said in the opinion, "eyeball to eyeball," at the gunman. His identification of Dean was enough to establish the necessary proof of guilt beyond a reasonable doubt. Added to this, was the testimony of Goff's wife who was present in the saloon during the holdup. She identified Dean. Dean had also admitted that, "he didn't know why he had done it because he knew he would get caught."

The gun could have been any gun, the jacket could have been any jacket. Their use in evidence did not change the result of the trial. Chapman does not purport to significantly change the harmless error standard of Fahy. Whatever the test of either case the error here was harmless.

Petition denied.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.