RICKY LEE TUCKER, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 5598

May 11, 1970                           469 P.2d 62

---

[3]For a fuller discussion of the problem see Prosser, Torts § 46 (3rd Ed. 1964); Restatement of Torts § 885 (1939).

*J. Rayner Kjeldsen,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Ricky Lee Tucker appeals from a conviction for robbery. He was one of the persons identified by Mrs. Violet Odom as

robbing her at the Santa Claus Market, in Reno, on December 17, 1967. Mrs. Odom, a clerk in the store, described Tucker to the police as a young man who on several occasions visited with her in the store a few days before the holdup. He was somewhat distinctive looking, was unmasked, and during the holdup she joshed with him: "You can't be serious, you wouldn't do this to me," while he held a knife on her.

Tucker was arrested in a Reno casino based upon Mrs. Odom's description and after he was observed in suspicious behavior with a girl named Sandra who, in turn, was arrested for being a disorderly person. When the police retrieved her coat from the checkstand in the casino they found a man's jacket on the same hanger with her coat. The jacket answered the description given them as being similar to the one worn by Tucker during the commission of the crime.

In this appeal, Tucker contends that he was not represented by counsel at a lineup from which Mrs. Odom pointed him out, that the jacket was improperly admitted into evidence and that certain remarks to the jury by the prosecutor in his closing argument were prejudicial.

Other assignments of error are without merit.

1. The state claims Tucker knowingly and intelligently waived presence of counsel at the lineup. A separate hearing on the question of waiver was not conducted by the trial court, but the policeman who took Tucker to the lineup testified that all of Tucker's rights were explained to him and that he told the police to go ahead with the lineup. The policeman further explained that Tucker appeared to know and realize what he was doing and that he signed an acknowledgment card, although it was not presented for evidence. The court was apparently satisfied that Tucker validly waived his right to be represented by counsel at the lineup.

While a separate hearing on the question is preferable the state of the record is such that under Jones v. State, 85 Nev. 53, 450 P.2d 139 (1969), the lineup evidence will not be disturbed. The clear identification by Mrs. Odom whose observations of Tucker were extensive constituted recognition of Tucker independent of any lineup influence.

2. The seizure of the jacket broke no rules. Either by Sandra's consent to the reclaiming of her coat or without Tucker's consent, the seizure being incidental to the arrest, there is no cause for objection. Tucker claimed also that the

jacket should not have been admitted because it was not sufficiently established as being his, but four witnesses said it looked like the one Tucker was seen wearing, and whether his denial was true or untrue was a jury question. Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968); Eisentrager v. State, 79 Nev. 38, 45, 378 P.2d 526 (1963); State v. Dearman, 453 P.2d 7, 10 (Kan. 1969). See also Dean v. Hocker, 84 Nev. 74, 436 P.2d 427 (1968).

3. The prosecutor in his closing argument referring to defense counsel's allegation that Mrs. Odom was lying said: "Now, this is what will happen. The state will not be able to prosecute fully a person who is in and identified as positively as this." Defense counsel objected to the remark and asked that the jury be admonished to ignore it. The judge granted his request. The court's admonition is enough to result in the remark being harmless error, if it was error at all. Serrano v. State, 84 Nev. 676, 447 P.2d 497 (1968); Dotson v. State, 80 Nev. 42, 389 P.2d 77 (1964); Pacheco v. State, 82 Nev. 172, 414 P.2d 100 (1966); State v. Teeter, 65 Nev. 584, 642–647, 200 P.2d 657 (1948).

Other comments by the prosecutor were raised as being improper and prejudicial but there being no objection at the time they were made and upon our review of the record we find that no substantial rights of the accused were affected. Kuk v. State, 80 Nev. 291, 392 P.2d 630 (1964); Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967).

Appellant argues further that certain testimony and evidence consisted extensively of irrelevancies and inconsistencies; however, the function of the jury to resolve these disputes was performed and we uphold the verdict on the ground that there is substantial evidence in the record to support it. State v. Fitch, 65 Nev. 668, 200 P.2d 991 (1948).

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.