EARL FAIRMAN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6586

December 29, 1971          491 P.2d 1283

*Robert G. Legakes,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy for Appeals, Clark County, for Respondent.

628

## OPINION

*Per Curiam:*

A jury found the appellant guilty of the unlawful sale of narcotics in violation of NRS 453.030 and NRS 453.210(2). This appeal seeks reversal of the judgment below on essentially three grounds. First, the appellant contends that the evidence was insufficient to support the conviction. Second, he argues that certain statements of the prosecutor, and the conduct of the prosecutor generally during closing argument, deprived him of a fair and impartial trial. And finally, it is asserted that the prosecutor improperly asked the appellant "Have you ever used any narcotics?" and that prejudicial error resulted from such an inquiry.

The state's case consisted of the testimony of three witnesses, all officers of the Las Vegas Police Department. From that testimony it was established that the sum of $25.00 was paid by one of the officers to the appellant for a quantity of a substance which was identified as heroin. While the substance was not delivered directly into the hands of the officer, the testimony was that the appellant left it in a balloon next to a telephone pole located near where the officer's car was parked; the appellant then told the officer where to find the heroin; and it was retrieved by the officer from that particular location.

The appellant testified in his own defense, that he had not sold any narcotics to the state's witness on the date when the sale was alleged to have taken place.

The jury resolved the conflicting testimony against the appellant, which it is entitled to do [Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969)] and found him guilty as charged.

Upon our review of the trial testimony we find that it contains substantial competent evidence to support the jury verdict, and there is thus no merit to the appellant's first assignment of error. Collins v. State, 87 Nev. 436, 488 P.2d 544 (1971); Graham v. State, 86 Nev. 290, 467 P.2d 1016 (1970); McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970).

We have considered the appellant's second assignment of error and find it to be without merit also. In certain instances there was no objection by defense counsel to the remarks of the prosecutor which are now claimed to be offensive; in others the court sustained the objection made and admonished the jury to consider only their recollection of the evidence adduced during the trial. The remainder of the prosecutor's comments were fair argument and unobjectionable. Layton v. State, 87 Nev. 598, 491 P.2d 45 (1971); Tucker v. State, 86 Nev. 354, 469 P.2d 62 (1970). In the light of the evidence presented at the trial we do not find that the statements of the prosecutor amounted to a denial of a fair and impartial trial.

With respect to the third assignment of error, the record reveals that defense counsel made a timely objection to the question asked by the prosecutor; the court sustained that objection; and the question was never answered. Under the circumstances of this case no prejudice resulted to the appellant. Walker v. State, 78 Nev. 463, 376 P.2d 137 (1962).

The appellant has thus failed to carry his burden of demonstrating reversible error, and consequently, the judgment of conviction is affirmed.