WILSON EARL LOVE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7591

November 27, 1974 · 528 P.2d 703

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Wilson Earl Love was charged with sale of controlled substance under NRS 453.321 and NRS 453.161 and found guilty.

On November 26, 1972 Love accompanied an undercover agent of the North Las Vegas Police Department to the Brown Derby Bar, wherein Love purchased heroin which he then turned over to the undercover agent. Based on that conduct he was arrested and convicted.

The issue on appeal is whether Love was denied a fair and impartial trial based on alleged instances of prosecutorial misconduct which includes (1) reference before the jury to

the transaction in question as a "crime" (2) by the making of several improper and prejudicial statements as to the character and ethics of Love's counsel and Love, and (3) by appealing to the emotions of the jury. This court need not determine the merit of these allegations for at the time these remarks were made by the prosecutor no objection was made by Love's counsel. Failure to object to the prosecutor's remarks at the time they were made precludes reviewing the court's consideration. Sorce v. State, 88 Nev. 350, 353, 497 P.2d 902 (1972); Bonnenfant v. State, 86 Nev. 393, 396, 469 P.2d 401 (1970).

As to two other alleged instances of misconduct, the record on appeal indicates that Love's counsel did object. The conduct involves the inquiry of the prosecutor as to whether Love would like to volunteer any evidence and the prosecutor's comment, "Well, I am sure the point is not lost," after an objection had been made and sustained. The trial court properly sustained Love's counsel's objections as to this conduct and later in its instructions to the jury admonished them to disregard any reference thereto in the formation of their verdict.

The comments were obscure. In the facts of this case, the remarks at most were harmless error. Tucker v. State, 86 Nev. 354, 357, 469 P.2d 62 (1970); Bonnenfant v. State, supra, at 396; Dotson v. State, 80 Nev. 42, 46, 389 P.2d 77 (1964).

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.