JERRY BISHOP, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7411

July 14, 1975                                    537 P.2d 1202

*Morgan D. Harris,* Public Defender, Las Vegas, for Appellant.

*Robert List,* Attorney General, and *Roy A. Woofter,* District Attorney, Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

Charged with killing Jane Wong Barker, appellant was found guilty of first degree murder and sentenced to life imprisonment without possibility of parole. This appeal follows.

The victim's husband, Anthony Barker, had reported her murder. At trial, Barker testified he and his wife were abducted by an unfamiliar black man, and forced to drive to a desert area outside Las Vegas where they were robbed, Barker's wife murdered, and Barker shot in the leg.

The State's theory was that appellant, Barker's friend, had agreed to kill the victim for a share of certain insurance proceeds, making the incident look like robbery by superficially wounding Barker. Apparently the jury chose to adopt this view rather than Barker's story, and substantial evidence supports their determination, including various admissions appellant imprudently made to friends. The sufficiency of the evidence is not challenged.

Appellant's first three assignments of error relate to the testimony of Paul Maiden, a prosecution witness. In particular, appellant contends that the district court erred by permitting the State to impeach its own witness without a showing of "damaging surprise," by admitting prior inconsistent statements, and by unduly limiting cross-examination.

The first contention manifestly lacks merit in light of NRS 50.075, which declares, "the credibility of a witness may be attacked by any party, including the party calling him." No

showing of "damaging surprise" is required by statute and we will not impose such a requirement. In accord, People v. Stanley, 433 P.2d 913, n. 1 (Cal. 1967).

Appellant's second contention has no merit since Maiden's prior statement was never admitted. Upon taking the stand, Maiden testified he saw appellant in San Diego in June, 1972, but denied discussing anything that had occurred in Las Vegas. The prosecutor then undertook to lay a foundation for introducing a prior statement to the police, and asked Maiden whether he had made a particular assertion. The court sustained an objection, excused the jury, and entertained arguments on Maiden's competency and the admissibility of his statement. Thereupon, the trial judge ruled Maiden competent, but refused to allow the prosecutor to elicit the content of his prior statement. The court admonished the jury not to consider matters outside their presence; appellant requested no further prophylactic instruction or action; hence we perceive no prejudicial error. Clark v. State, 89 Nev. 392, 513 P.2d 1224 (1973).

Appellant's third contention concerning Maiden's testimony involves the court's refusal to allow defense counsel to question the witness about alleged threats to prosecute him. Appellant urges such action unduly limited cross-examination, to show Maiden's motive, interest or bias. Cf. Davis v. Alaska, 415 U.S. 308 (1974). We believe, however, that since the district court did not admit Maiden's pre-trial statement into evidence, and since Maiden's trial testimony did not connect appellant with the crime, no prejudice could have occurred. NRS 178.598; cf. State v. Boyle, 49 Nev. 386, 248 P. 48 (1926).

As his fourth assignment, appellant urges the trial court erred in admitting testimony concerning an out-of-court experiment. The results were never admitted into evidence, a decision largely within the court's discretion. Wrenn v. State, 89 Nev. 71, 506 P.2d 418 (1973); Smith v. State, 87 Nev. 84, 482 P.2d 302 (1971). Still, appellant claims prejudice because the court allowed certain foundational testimony before excusing the jury. Appellant cites no authority for his position; the court carefully instructed the jury not to speculate what the witness might have testified; the foundational testimony by

itself was substantially without meaning. Again, we perceive no prejudice to appellant. NRS 178.598.

Appellant's fifth and sixth assignments of error concern testimony of Larry Reinema, a rebuttal witness for the State. Particularly, appellant contends the trial court should have excluded Reinema's testimony "*sua sponte,*" without an objection, because of a failure to give proper notice to the defense. See: NRS 174.087. Also, appellant contends the court erred by admitting two of Reinema's telephone bills without a proper foundation under the business record exception to the hearsay rule. See: NRS 51.135.

As part of its case in chief, apparently to show an alibi, the defense had called Tim Grimm, who testified that on the day of the murder, he had sold appellant heroin at a house in Van Nuys, California. Grimm testified he made several phone calls to insure appellant was not a narcotics agent. To rebut this testimony, the prosecutor called Reinema, owner of the Van Nuys house, who stated that he knew Grimm but that Grimm was not staying at his house on the day of the murder. Over objection of defense counsel, the court admitted two telephone bills covering the time in question, showing two long distance calls on the day of the murder, which Reinema testified he placed himself.

Appellant cites no pertinent authority for his contention that Reinema's testimony should have been excluded "*sua sponte.*" Since no objection was lodged, we decline to consider this issue on appeal. Tucker v. State, 86 Nev. 354, 469 P.2d 62 (1970); Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967). (We note, in passing, that the record reflects Douglas Reinertson, an investigator for the public defender's office, interviewed Reinema approximately three weeks prior to trial.) Moreover, assuming Reinema's testimony about the telephone bills related to hearsay, we perceive no substantial harm to appellant. At the very most, such bills reflected only that Grimm made no toll call from the Van Nuys house on the day in question. Inasmuch as Grimm had not referred to toll calls, evidence negating toll calls did not materially diminish the credibility of appellant's case.

In our opinion, appellant's claims of prosecutorial misconduct are totally without merit.

Affirmed.

BATJER, ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.