ROBERT DALE KELLY, Appellant, *v*. THE STATE OF NEVADA, Respondent.

No. 8991

March 17, 1977 561 P.2d 449

[Rehearing denied April 7, 1977]

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Robert Dale Kelly was convicted of the crime of armed robbery of a cab driver of $27.00. He was undergoing treatment at the Washoe County Mental Health Institute as a resident patient and was absent from there at the time the crime was committed.

Appellant's first contention is that the denial of a full hearing into the defendant's competency at arraignment was an abuse of the trial judge's discretion. We cannot agree. A previous psychiatric examination had been ordered which specifically concluded that the defendant was "presently in possession of sufficient ability and competency to assist his counsel in the preparation of possible defenses and . . . able to testify in court." The question of the competency of the defendant is within the discretion of the trial judge. Williams v. State, 85 Nev. 169, 451 P.2d 848 (1969). The evidence does not reflect abuse of the trial court's discretion.

A second claim of error is directed to the trial judge's denial of a motion for mistrial, tendered after defendant rested his case, complaining of questions the prosecutor propounded on cross-examination of the defendant's expert witness, a psychiatrist. At the time such questions were asked, defense counsel had proffered no objection as required by NRS 47.040(1)(a). Plain error affecting the defendant's substantial rights is not manifest from our review of the record. NRS 47.040(2). Under these circumstances, therefore, we decline to consider defendant's tardy claim of error. Bishop v. State, 91 Nev. 465, 537 P.2d 1202 (1975); Tucker v. State, 86 Nev. 354, 469 P.2d 62 (1970); Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967).

Affirmed.