WARDEN, NEVADA STATE PRISON, APPELLANT, *v.*
RONALD DAWAYNE CONNER, RESPONDENT.

No. 9079

April 7, 1977                    562 P.2d 483

*Robert List,* Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Carson City, for Appellant.

*Horace R. Goff,* State Public Defender, and *J. Thomas Susich,* Deputy Public Defender, Carson City, for Respondent.

# OPINION

*Per Curiam:*

Respondent, Ronald Dawayne Conner, initiated habeas corpus proceedings by alleging, inter alia, that the Second Judicial District Court had in 1968 failed to suspend further proceedings and provide a competency hearing pursuant to NRS 178.405 et seq. after having ordered a psychiatric examination. The omission, it is claimed, deprived the trial court of jurisdiction to accept his plea of guilty.

The writ was granted, the guilty plea vacated and respondent was released and remanded to Washoe County for a hearing regarding his sanity.

We reverse the order granting the writ. Although initially the trial court made no specific finding as to Conner's competency to enter a plea, from the record it is apparent that the trial judge's review of the psychiatric evaluation left no doubt as to Conner's competency. The court canvassed him thoroughly and accepted his guilty plea. Nothing is shown or appears to give any indication but that Conner was competent.

A court is not required to institute the statutory mechanism for a determination of defendant's sanity in the absence of sufficient and reasonable doubt as to competency. U.S. ex rel.

Roth v. Zelker, 455 F.2d 1105 (2d Cir. 1972); Redd v. Decker, 447 F.2d 1346 (5th Cir. 1971); U.S. ex rel. Evans v. LaVallee, 446 F.2d 782 (2d Cir. 1971). Accord, Williams v. State, 85 Nev. 169, 451 P.2d 848 (1969). See Pate v. Robinson, 383 U.S. 375 (1966).

The granting of the writ is reversed, the plea of guilty is reinstated and respondent is remanded to custody to complete the penalty imposed.

Reversed.