WARDEN, NEVADA STATE PRISON, Appellant, *v.*
HOLLIS FENTON GRAHAM, Respondent.

No. 9404

May 12, 1977                     564 P.2d 186

*Robert List,* Attorney General, Carson City; *George E. Holt,*
District Attorney, and *H. Leon Simon,* Deputy District Attor-
ney, Clark County, for Appellant.

*Horace R. Goff,* State Public Defender, *J. Thomas Susich*
and *David Mathews,* Deputy Public Defenders, Carson City,
for Respondent.

## OPINION

*Per Curiam:*

In 1972 Hollis Fenton Graham requested and was afforded
a sanity hearing, by the Eighth Judicial District Court, pursuant
to NRS 178.415. *See* Williams v. Warden, 91 Nev. 16, 530
P.2d 761 (1975). Thereafter, Graham was found competent
and the proceedings were remanded to a justice court in Clark
County for a preliminary examination. On remand, the case
was given a new number and Graham was ultimately ordered
to stand trial for murder.

On May 30, 1973, after a successful plea bargain agreement

by his attorney, Graham entered a solemn plea of guilty to a reduced charge of murder in the second-degree and was sentenced to a twenty (20) year term of imprisonment.

On June 17, 1976, Graham filed an in *pro per* petition for habeas corpus in the First Judicial District Court, the thrust of which contended that, at the time he was charged and convicted, the Eighth Judicial District Court had failed to suspend further proceedings and provide a competency hearing, as required by NRS 178.405. The judge who conducted the habeas hearing, apparently not having been apprised that the two differently numbered cases below were, in fact, the same proceeding, concluded the record of the Eighth Judicial District raised "serious doubt about the petitioner's competency to stand trial." Thereafter, on December 3, 1976, he granted habeas and set aside the guilty plea, vacated the sentence and remanded the proceedings to the Eighth Judicial District Court "for an inquiry, pursuant to the provision of Nevada Revised Statute 178.400 . . . into the insanity of the defendant, and further proceedings thereafter."

The warden has appealed, contending the district judge committed reversible error. We agree.

From the *complete* record it is apparent that the psychiatric evaluations left no doubt as to Graham's sanity; and, they amply support the determination that Graham was fully competent. Furthermore, at the time the guilty plea was entered the canvass fully comported with the requirements delineated in Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973); and, in fact, prior to accepting the guilty plea the trial judge, with an abundance of caution, caused additional psychiatric examinations to be made. From the reports of those examinations, it was again concluded that Graham was competent. Other than Graham's bare allegations, nothing is shown or appears to give any indication but that Graham was, indeed, competent. *Cf.* Warden v. Conner, 93 Nev. 209, 562 P.2d 483 (1977).

The order granting the writ is reversed; the plea of guilty is reinstated; and, Hollis Fenton Graham is remanded to the custody of the warden of the Nevada State Prison to complete the sentence originally imposed by the Eighth Judicial District Court.[1]

---

[1]In view of our resolution of this case, we need not, and therefore do not, consider the jurisdictional issue involved in the First Judicial District Court's attempt to "remand" the case to the Eighth Judicial District Court. *See* Warden v. Owens, 93 Nev. 255, 563 P.2d 81 (1977).