STEPHEN BISHOP, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 10210

July 12, 1978                                         581 P.2d 4

*Horace R. Goff,* State Public Defender, and *Robert B. Walker, Jr.,* Deputy State Public Defender, for Appellant.

*Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

---

## OPINION

By the Court, THOMPSON, J.:

At issue is whether Bishop's plea of guilty to robbery should be set aside. His challenge is twofold. First, he contends that the court was obliged to determine his sanity in accordance with NRS 178.415, and that its failure to do so nullifies his conviction. Second, he argues that the prosecutor did not honor a plea bargain agreement, thereby invalidating his conviction. Neither contention has merit.

1. ". . . if doubt shall arise as to the sanity of the defendant, the court shall suspend the trial of the indictment or information . . . until the question of sanity is determined." NRS 178.405. In such circumstances, the court is obliged to appoint two physicians, one of whom is a psychiatrist or otherwise specially qualified, to examine the defendant and to report their findings at a hearing in open court. NRS 178.415.

The court need not follow NRS 178.415 to determine sanity in the absence of a reasonable doubt as to the defendant's competency. Warden, Nevada State Prison v. Conner, 93 Nev. 209, 562 P.2d 483 (1977); Kelly v. State, 93 Nev. 154, 561 P.2d 449 (1977); Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968).

When arraigned, Bishop's counsel moved for a psychiatric examination because of past drinking habits. There was no information of substance presented to the court to suggest that Bishop was insane or incompetent. Nonetheless, the court did have Bishop examined by the senior psychiatrist at the Nevada Mental Health Institute who reported that Bishop was competent to stand trial. Since the record does not reflect that the court entertained a reasonable doubt as to Bishop's sanity, it was not obliged to follow the procedure designated in NRS 178.415. Warden, Nevada State Prison v. Conner, supra. Indeed, on the record before it, the court would have been justified in denying counsel's motion for a psychiatric examination based on the vague allegations that Bishop's past drinking habits may have damaged him mentally. Cf. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966), where we held that it was not an abuse of discretion to deny a request for a

psychiatric examination where the only evidence relating to the defendant's competency was an Army discharge for psychoneurosis about 20 years earlier. This claimed error lacks merit.

2.   Neither does the record reflect a violation of the terms of the plea bargain. However, we particularly note that an objection to the alleged plea bargain violation was not made to the sentencing judge. Absent such timely objection there is a waiver.

In a different context, concerning proof of prior convictions to establish the defendant as a habitual criminal, we have adopted the contemporaneous objection rule. Thomas v. State, 93 Nev. 565, 571 P.2d 113 (1977); Bayman v. State, 94 Nev. 370, 580 P.2d 943 (1978). We now approve its application to an assertion that a prosecutor has violated the terms of a plea bargain. Objection must timely be made to the sentencing judge, as a precondition to later review.

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.