LUCIA JOHANNA FRISAURA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10725

January 3, 1980                    604 P.2d 350

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Lucia Johanna Frisaura appeals from her conviction of grand larceny. On June 30, 1976, Salvador Alfonso struck up a

conversation with a woman in a bar at the Las Vegas Hilton. The woman, who had a foreign accent, told Alfonso that she was from Holland and showed him her passport. Alfonso invited her to his room and the two of them ate breakfast and watched television for a while. They then retired to separate beds. The following morning both Alfonso's money, amounting to $1,500 in cash and casino chips, and the woman were missing. He notified the security guard of the theft and was taken to the Las Vegas Metropolitan Police Department where he was shown about five hundred photographs of women. From this group he picked out one woman, a known prostitute, as being similar in appearance to the woman he had taken to his room. Alfonso subsequently returned to his home in Louisiana and, within a couple of weeks, received from the police a package of five or six photographs in the mail. This package did not include a photograph of the woman he had previously identified. Nonetheless, from that group he positively identified the appellant as the perpetrator of the crime.

At trial, Alfonso again identified her. Also testifying at the trial were two men who had been victims of very similar crimes, both of whom identified appellant as the perpetrator of the offenses against them. On appeal appellant alleges error in the admission into evidence of: (1) the two other similar offenses; (2) testimony about the photographic line-up; and, (3) two copies of photographs substituted for those used in the original line-up.

(1) Appellant's defense at trial was mistaken identity. While evidence of other bad acts is generally inadmissible in a criminal prosecution, a recognized exception to this rule exists where the evidence is relevant to the identity of the perpetrator. Reed v. State, 95 Nev. 190, 591 P.2d 274 (1979); Junior v. State, 89 Nev. 121, 507 P.2d 1037 (1973); Nester v. State of Nevada, 75 Nev. 41, 334 P.2d 524 (1959). Each of the witnesses reported being picked up in a hotel bar on the Las Vegas strip, during the same week, by a woman with a foreign accent; each was shown a passport; each took the woman to his hotel room to eat and watch television, and each was robbed of money and chips. Since the crimes reported by each of these victims were similar, and each victim individually identified appellant as the perpetrator of the crime, the evidence of those crimes was properly admitted into evidence at trial to show identity. NRS 48.045(2). *Cf.* Mayes v. State, 95 Nev. 140, 591 P.2d 250 (1979).

(2) Appellant contends that the photographic line-up was improper since it did not include a picture of the woman who had first been indentified by Alfonso as being similar in appearance to the woman who robbed him. However, appellant neither moved to suppress the line-up, nor did she object to the admission of this evidence at trial. *See* Bishop v. State, 91 Nev. 465, 537 P.2d 1202 (1975); Sparks v. State, 89 Nev. 84, 506 P.2d 1260 (1973). Even were we to consider this issue, raised for the first time on appeal, we do not find the pretrial identification by photographic line-up to have been "so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification." *See* Simmons v. United States, 390 U.S. 377, 384 (1968); Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), *cert. denied,* 396 U.S. 893 (1969). Furthermore, Alfonso who had spent a number of hours with appellant, made an independent identification of appellant in court sufficient to render any possible error in the photographic line-up harmless. *See* Thompson v. State, *supra. Cf.* Baker v. State, 88 Nev. 369, 498 P.2d 1310 (1972); Hampton v. State, 85 Nev. 720, 462 P.2d 760 (1969).

(3) When the pictures from the photographic line-up were presented in court, two of the photographs could not be located. In place of one of the photographs a substitution was made of a photograph of one of the women taken at the same time and place as the original, and in the place of the other a photostatic copy was used. Appellant, citing no case authority, contends that this was error.

We held in Thompson v. State, *supra,* that the photographs used in a photographic line-up should be available at trial for cross-examination. From the duplicates presented here, counsel was able to conduct an adequate cross-examination, and appellant made no showing of how she was prejudiced by their admission. *See* French v. State, 95 Nev. 586, 600 P.2d 218 (1979). Accordingly, we find no error in the admission of these photographs in place of the originals. *Cf.* NRS 52.245(1).