## ERNEST B. HICKS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10819

January 24, 1980                    605 P.2d 219

*Howard N. Ecker,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury verdict of robbery with the use of a deadly weapon (NRS 200.380; 193.165), Ernest B. Hicks, contends on appeal that he is entitled to a reversal because the district court erred in denying his motions to suppress certain evidence seized in a warrantless search of an apartment and testimony regarding a photographic identification of him as the perpetrator of the crime. He also argues that the district court erroneously denied his motion in limine to exclude evidence of a prior felony conviction, and, finally, that the evidence presented at the trial was insufficient to support the verdict.

One of the victims of the robbery, a manager of a motel in Las Vegas, testified at the trial that Hicks and another person entered the motel carrying handguns, ordered him, his wife and another couple to lie on the floor, and then took money from the cash register and an eight track tape deck before they fled the scene. Police officers subsequently seized the tape deck during a warrantless search of an apartment where Hicks was found hiding. The tenant to whom the premises were let, a friend of Hicks', allegedly consented to the search of the apartment.

1. Hicks contends the consent to search given by the tenant of the apartment was not free and voluntary, and the search was therefore invalid. However, because Hicks has "neither alleged nor proved a proprietary or other interest in the . . . apartment or [the item seized], he is without standing to challenge the legality of the warrantless [search] which led to the discovery of the damaging evidence used to convict him." Hicks v. State, 95 Nev. 503, 504, 596 P.2d 505, 506 (1979) (footnote omitted). Hicks may not successfully assert that his mere presence in the apartment confers standing upon him to challenge the lawfulness of the search, since he has "made no showing that [he] had any legitimate expectation of privacy" in the area searched. Rakas v. Illinois, 439 U.S. 128, 148 (1978).

2. Hicks also argues that the district court should have granted his motion to suppress evidence of a photographic

identification of him as the perpetrator of the crime by the manager of the motel because the identification procedure was impermissibly suggestive and tainted the motel manager's subsequent in-court identification of Hicks at the preliminary examination and trial.

"[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside . . . if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). *See also* Frisaura v. State, 96 Nev. 13, 604 P.2d 350 (1980). Here, the manager of the motel originally identified Hicks as the perpetrator of the robbery from approximately 400 photographs shown to him at the police department. Shortly thereafter, he again identified Hicks from a group of six photographs. Of this group of six, Hicks was the only person wearing a jail uniform. Under these circumstances, this procedure was not "impermissibly suggestive." Simmons v. United States, *supra.* Moreover, the motel manager made independent, positive and unequivocal in-court identifications of Hicks at the preliminary examination and trial which were sufficient to render any possible error in the photographic identification procedure harmless. Frisaura v. State, *supra;* Ridley v. State, 86 Nev. 102, 464 P.2d 500 (1970).

3. Hicks' contention that the district court should have granted his motion in limine to exclude evidence of his prior conviction for robbery in the event he chose to testify was previously considered and rejected by this court in Hicks v. State, *supra.*

4. Finally, we reject the argument that the evidence presented at the trial was insufficient to support the verdict. The record establishes that ample evidence was produced at the trial, and that the verdict was therefore proper. *See* Wicker v. State, 95 Nev. 804, 603 P.2d 265 (1979).

Affirmed.