KENNETH P. MARTIN, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 11356

March 28, 1980                                    608 P.2d 502

*William Dunseath,* Public Defender, Washoe County, for
Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *Calvin R. X. Dunlap,* District Attorney, and *Edwin T. Basl,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Kenneth P. Martin was charged with robbery. Following an arraignment and a preliminary examination, he was declared incompetent to stand trial, pursuant to NRS 178.415. The proceedings were suspended and Martin was placed in the Lake's Crossing Center for the Mentally Disordered.

A few months later, the administrator of the center notified the district judge that Martin was no longer incompetent. A sanity commission was impaneled pursuant to NRS 178.455. The three-member commission concluded that he was competent to stand trial. Martin was arraigned a second time and a trial date was set, without objection from him or his counsel. Martin was remanded to the county jail. His motion to return to Lake's Crossing was denied because no allegations or evidence were proffered that raised any doubt concerning his competency at that time to stand trial.

On the first day of trial, Martin requested a full hearing on his competency. He contends that the district judge erred by denying his request. We disagree.

In the absence of reasonable doubt regarding an accused's competence, the district judge need not invoke the statutory procedure to determine competency. Bishop v. State, 94 Nev. 410, 581 P.2d 4 (1978); *see* NRS 178.400–178.425. A bare allegation of incompetence is not sufficient to raise a reasonable doubt as to competence. Warden v. Graham, 93 Nev. 277, 564 P.2d 186 (1977); Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968).

A survey of the record discloses no evidence or indication that Martin was unable to assist his counsel or to understand the nature of the charges and proceedings against him. *See* Dusky v. United States, 362 U.S. 402 (1960); *cf.* Williams v. Warden, 91 Nev. 16, 530 P.2d 761 (1975) (psychiatric evaluation raised serious doubt as to accused's competency); Pate v. Robinson, 383 U.S. 375 (1966) (four witnesses testified that accused was insane). Consequently, the district judge did not

326

err by denying Martin's request for a full hearing. Kelly v. State, 93 Nev. 154, 561 P.2d 449 (1977).

Martin's argument that the district judge committed error by not commencing trial within 60 days after the sanity commission report, as required by NRS 178.460(1), also lacks merit. His counsel expressly agreed to the trial date and Martin did not demand an earlier trial nor did he show that he was prejudiced by the delay. In these circumstances, the right to trial within the statutory 60-day period was waived. *Cf.* Broadhead v. Sheriff, 87 Nev. 219, 484 P.2d 1092 (1971) (discussing waiver under NRS 178.556); Maiorca v. Sheriff, 87 Nev. 63, 482 P.2d 312 (1971) (no objection to delay until after 60-day period); *see also* Sondergaard v. Sheriff, 91 Nev. 93, 531 P.2d 474 (1975).

Affirmed.