An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICK OWEN MADSEN,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 64677

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, Lincoln County; Steve L. Dobrescu, Judge.

In his July 20, 2012, petition, appellant claimed that his trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15446

*Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

First, appellant claimed that his trial counsel had a conflict of interest because counsel was a former district attorney. This claim was without merit. Counsel was not employed in Lincoln County and there is no evidence that counsel had any interaction with appellant in his capacity as a district attorney. Accordingly, appellant failed to demonstrate that counsel's former employment as a district attorney caused an actual conflict of interest or that his counsel had divided loyalties. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel was ineffective for failing to properly defend him at the preliminary hearing. Appellant failed to demonstrate deficiency or prejudice. Counsel challenged the victim's version of events and the State's evidence at the preliminary hearing. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel raised further questions or arguments during the preliminary hearing as the State presented sufficient evidence to support a probable cause finding for the charges against appellant. *See Sheriff, Washoe Cnty. v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel was ineffective for failing to interview and present testimony from potential witnesses. Appellant failed to demonstrate deficiency or prejudice. Appellant merely speculated that the potential witnesses would have provided favorable testimony. A bare claim, such as this one, is insufficient to demonstrate a

petitioner is entitled to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984); *see also Browning v. State*, 120 Nev. 347, 357, 91 P.3d 39, 47 (2004) ("[S]peculation does not demonstrate any prejudice."). In addition, the information regarding the victim's stepfather and the medical examination of the victim, which appellant asserted these witnesses would have provided, was already presented at trial. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel discovered and presented further information of the type appellant sought. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that his trial counsel was ineffective for failing to present facts discovered by counsel's investigator that would have demonstrated the victim fabricated the abuse allegations to hide her sexual activity with her boyfriend. Appellant failed to demonstrate deficiency or prejudice for this claim. Appellant failed to demonstrate that evidence related to the victim's sexual activity with a boyfriend would have been admissible. *See* NRS 50.090. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel attempted to present this information, as DNA evidence demonstrated that appellant had sexual contact with the 13-year-old victim. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that his trial counsel was ineffective for failing to interview the victim or obtain recordings of the victim's police interview. Appellant failed to demonstrate that he was prejudiced as counsel extensively cross-examined the victim regarding her version of events and appellant failed to demonstrate a reasonable probability of a different outcome had counsel interviewed the victim or further reviewed

her statements prior to trial. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his trial counsel was ineffective for failing to confer with appellant, investigate facts, file motions, or seek full discovery from the State. Appellant asserted that counsel failed to perform these actions because counsel accepted the State's version of the facts. Appellant failed to demonstrate deficiency or prejudice for this claim. The record reveals that counsel challenged the State's case against appellant. *See Hargrove*, 100 Nev. 502-03, 686 P.2d at 225. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel discussed the case with appellant further, investigated further, or filed additional motions. Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that his trial counsel was ineffective for failing to challenge the State's forensic evidence, as appellant asserted that the DNA evidence belonged to a different person. Appellant failed to demonstrate deficiency or prejudice. A portion of the DNA report listed the sample as JM6 when the correct notation was actually JM5. The State's DNA expert witness explained that there was a typographical error in the report, that she was certain that the sample tested was appellant's, and that the sperm discovered on the couch cushions belonged to appellant. Appellant failed to demonstrate that objectively reasonable counsel would have argued under these circumstances that the DNA specimen did not belong to appellant. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel argued the DNA specimen belonged to a

different person. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his trial counsel was ineffective for failing to argue that the State withheld exculpatory evidence in the form of a recording of the interview with the victim's mother. Appellant failed to demonstrate deficiency or prejudice. Given the testimony that demonstrated appellant's mother was asleep during both sexual encounters, the DNA evidence demonstrating that appellant had sexual contact with the victim, and appellant's own statement to the police that he had "apparently" had sex with the victim, appellant failed to demonstrate that any recording of an interview with the victim's mother would have been favorable to his defense. See State v. Bennett, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel argued the State improperly withheld the recording. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that his trial counsel was ineffective for failing to object when the State vouched for the credibility of the victim. Appellant failed to demonstrate that he was prejudiced. Given the DNA evidence, appellant's statement to the police, and the victim's testimony, appellant failed to demonstrate a reasonable probability of a different outcome had counsel objected to vouching for the credibility of the victim. Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that his trial counsel was ineffective for failing to argue that the police improperly failed to gather condoms and other items which appellant asserted belonged to the victim and would have demonstrated that the victim had engaged in sexual activity with her

boyfriend and then fabricated the instant allegations to hide that activity. Appellant failed to demonstrate deficiency or prejudice as appellant failed to demonstrate that the evidence he asserted the State should have collected was material—that there is a reasonable probability that the outcome of trial would have been different had the defense had access to the uncollected evidence. *See Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). Moreover, appellant failed to demonstrate that evidence related to the victim's sexual activity with a different person would have been admissible. *See* NRS 50.090. Therefore, the district court did not err in denying this claim.

Eleventh, appellant claimed that his trial counsel was ineffective for failing to seek suppression of evidence collected from the victim's home, as appellant asserted the State was not permitted to collect evidence from an occupied dwelling. Appellant failed to demonstrate deficiency or prejudice. The victim's mother gave the police permission to collect the evidence and appellant did not reside at the home when the evidence was collected. Under these circumstances, appellant was without standing to challenge the warrantless collection of evidence from the victim's home. *See Hicks v. State*, 96 Nev. 82, 83, 605 P.2d 219, 220 (1980). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel sought to suppress this evidence, as the victim's mother owned the couch and permitted the officer to collect the couch cushions. Therefore, the district court did not err in denying this claim.

Twelfth, appellant claimed that his trial counsel was ineffective for failing to object to admission of improperly obtained evidence from the couch cushions, as an officer removed the cushions and

later returned them to take photographs of the cushions in place on the couch. Appellant failed to demonstrate either deficiency or prejudice for this claim as he failed to demonstrate that the officer committed any error in the collection of this evidence or in returning to obtain photographs of the couch cushions on the couch. Therefore, the district court did not err in denying this claim.

Thirteenth, appellant claimed that his trial counsel was ineffective for failing to question the victim regarding inconsistent statements she made regarding her stepfather sleepwalking following one of the incidents. Appellant failed to demonstrate either deficiency or prejudice for this claim. Counsel questioned the victim about inconsistent statements regarding the sexual encounters and appellant failed to demonstrate that objectively reasonable counsel would have questioned her regarding her statements concerning her sleepwalking stepfather. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel posed questions of this nature. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when

every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant claimed that his appellate counsel was ineffective for failing to discuss the appeal with appellant prior to submitting the appellate briefs and for failing to rebut the State's factual assertions on appeal. Appellant failed to demonstrate deficiency or prejudice. Appellant did not identify any claims that objectively reasonable counsel would have raised on appeal had counsel discussed the appeal with appellant. Moreover, counsel successfully obtained a reversal of appellant's convictions for sexual assault on a child under 14, demonstrating that counsel's decisions regarding the appeal were not deficient. Appellant failed to demonstrate a reasonable likelihood of success on appeal regarding his remaining convictions had counsel discussed the appellate process with appellant or raised further arguments. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his appellate counsel was ineffective for failing to inform him in a timely manner that two of his convictions had been overturned by this court on appeal. Appellant failed to demonstrate prejudice related to this claim as he failed to demonstrate a reasonable likelihood of a different outcome had counsel informed him of the direct appeal decision at an earlier time. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his appellate counsel was ineffective for failing to oppose the State's dismissal of the sexual assault charges after the conclusion of the direct appeal, as appellant wished to have an additional trial. Appellant failed to demonstrate deficiency. Appellant failed to demonstrate that objectively reasonable counsel would

have opposed the State's dismissal of the sexual assault charges as objectively reasonable counsel would have been satisfied that appellant would no longer face conviction for those charges. Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that the State violated his due process rights by presenting perjured testimony, that the State falsely asserted that he had admitted to sexual activity with the victim, and that the district court improperly declined to play the entire recording of the victim's previous testimony. These claims could have been raised on direct appeal and appellant failed to demonstrate cause for the failure to do so and actual prejudice. *See* NRS 34.810(1)(b). Therefore, the district court did not err in denying these claims.

Having concluded that appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                             Cherry

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Steve L. Dobrescu, District Judge
Patrick Owen Madsen
Attorney General/Carson City
Lincoln County District Attorney
Lincoln County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A