IN THE SUPREME COURT OF THE STATE OF NEVADA

KATHRYN ARLENE CLEMENT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66404

FILED

OCT 13 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant first contends that the district court erred by denying her claim that her guilty plea was invalid because her counsel did not have enough information to adequately advise her, she had a history of mental illness, and the plea did not include a reduced charge. A guilty plea is presumptively valid, and "[t]his court will not invalidate a plea as long as the totality of the circumstances, as shown by the record, demonstrates that the plea was knowingly and voluntarily made and that the defendant understood the nature of the offense and the consequences of the plea." *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000). Appellant was aware of her counsel's advice not to accept the plea specifically because discovery had not been conducted and she chose to accept the plea so that the victim, her daughter, would not be subjected to a trial. Additionally, while the plea did not include a reduced charge,

16-31997

appellant benefitted from the guilty plea because it only included one count when appellant had previously been charged with five counts. And because the record does not include any evidence or indication that appellant was unable to assist her counsel or understand the nature of the charges and proceedings against her, a competency examination was unnecessary before the plea was entered. *See Martin v. State*, 96 Nev. 324, 325, 608 P.2d 502, 503 (1980) (providing that in the absence of reasonable doubt as to a defendant's competence, the court does not have to order a competency examination and "[a] bare allegation of incompetence is not sufficient to raise a reasonable doubt as to competence"); *see also Calambro v. Second Judicial Dist. Court*, 114 Nev. 961, 971-72, 964 P.2d 794, 801 (1998) (recognizing that a mental illness does not automatically render a defendant incompetent).

The written plea agreement was detailed and consistent and appellant was thoroughly canvassed by the district court before it was entered. *See Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1126 (2001) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently."), *overruled on other grounds by Stevenson v. State*, 131 Nev., Adv. Op. 61, 354 P.3d 1277 (2015). Thus, we conclude that the district court did not abuse its discretion by determining that the plea was valid. *See McConnell v. State*, 125 Nev. 243, 250, 212 P.3d 307, 312 (2009) (explaining that this court reviews a district court's determination regarding the validity of a plea for a clear abuse of discretion).

Appellant next argues that her counsel was ineffective because her counsel was not prepared to intelligently advise her without discovery

and her counsel failed to recognize that her competency was at issue. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that her counsel's performance fell below an objective standard of reasonableness and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). This court gives deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but reviews the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Here, appellant's counsel advised against accepting the plea because discovery had not been completed, and as such, reasonably advised appellant. Counsel also testified that she questioned appellant about hearing voices and taking any antipsychotic medicine and throughout her conversations with appellant she never had concerns about appellant's competency. Further, as a result of her underlying petition, appellant underwent a competency examination and was found to be competent. Thus, the district court found that it was reasonable for counsel not to initiate competency proceedings as neither counsel nor the court had concerns about appellant's competency. Accordingly, appellant failed to demonstrate that her counsel was deficient or that had counsel performed differently, there is a reasonable probability that she would not have pleaded guilty and would have insisted upon a trial. *Kirksey*, 112

Nev. at 988, 923 P.2d at 1107. Thus, we conclude that the district court properly denied appellant's ineffective-assistance-of-counsel argument. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:     Eighth Judicial District Court Dept. 15
        Gregory & Waldo
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk