RODGER WILLIAM NORMAN AND JERRY JERALD ZELENIK, Appellants, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9275

December 21, 1976                    558 P.2d 541

*Morgan D. Harris,* Public Defender, and *John H. Howard,* Deputy, Clark County, for Appellant Zelenik.

*Mills & Galliher* and *Lamond R. Mills,* Las Vegas, for Appellant Norman.

*George E. Holt,* District Attorney, and *Bill C. Hammer,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In the early morning of December 23, 1975, two men, one armed with a shotgun, the other with a pistol, forced their way into Charles Gaynor's residence, demanding to be told the whereabouts of Gaynor's roommate. A struggle ensued, resulting in Gaynor being hit over the head with the shotgun.[1] He

---

[1]The shotgun discharged, blowing a large hole in the wall.

was also struck in the back with "paper wadding" from the "blank bullets" fired from the pistol. The assailants fled, taking a portable television set and several Christmas presents. Appellants, after having been identified as the perpetrators, were indicted for robbery, battery with intent to commit robbery, and the use of a deadly weapon in the commission of a crime. See: NRS 200.380, NRS 200.400 and NRS 193.165.

Timely filed pretrial petitions for writs of habeas corpus contended: (1) there was insufficient evidence to sustain the indictments; and, (2) the state was "consciously indifferent" to their rights in seeking the grand jury indictments. Habeas relief was denied and in this appeal the same contentions are reurged.

The thrust of appellants' first contention is that their use of force, violence, or fear of injury did not, nor was it intended to, effectuate the taking of the Christmas gifts and television set from Gaynor; hence, an essential element of the crime of robbery is lacking and all charges must be dismissed.[2] We disagree.

1. Robbery is not confined to a fixed locus, but is frequently spread over considerable and varying periods of time. State v. Fouquette, 67 Nev. 505, 527, 221 P.2d 404, 416 (1950). All matters ". . . immediately antecedent to and having a direct causal connection with [the robbery are deemed] . . . so closely connected with it as to form in reality a part of the occurrence." Id. 67 Nev. at 529, 221 P.2d at 417. Thus, although the acts of violence and intimidation preceded the actual taking of the property and may have been primarily intended for another purpose, it is enough, to support the charges in the indictment, that appellants, taking advantage of the terrifying situation they created, fled with Gaynor's property. Accord: State v. Iaukea, 537 P.2d 724 (Haw. 1975).

2. Charges of robbery, battery with intent to commit robbery, and the use of a deadly weapon in the commission of a crime against Norman and Zelenik were initially dismissed after a preliminary examination was held. They now argue that the state was "consciously indifferent" to their rights in subsequently obtaining grand jury indictments against them. This contention finds no support in the record and is, therefore, without merit. NRS 178.562(2); Johnson v. Sheriff, 89 Nev.

---

[2]NRS 200.380 defines robbery, in part, as ". . . the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, . . ."

304, 511 P.2d 1051 (1973). Cf. McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970).

Affirmed.