SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* FRANK PHILLIP JEFFERSON, Respondent.

No. 14184

August 27, 1982        649 P.2d 1365

*Robert J. Miller,* District Attorney, and *David P. Schwartz,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Gary H. Lieberman,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Sheriff of Clark County has appealed from a district court order granting in part respondent Jefferson's pretrial petition for a writ of habeas corpus. We reverse and remand.

The incident giving rise to this case occurred on the afternoon of February 1, 1982. At that time one Loretta Cloonan was sitting alone in her car in the parking lot of an apartment complex. A pickup truck carrying two men pulled into the space immediately to her left. One of the men, whom Cloonan later identified as respondent, exited the pickup truck and tapped on Cloonan's window, apparently to ask whether she had a light for a cigarette. Cloonan became afraid, and she locked her car door and began to start the car. She then saw the man reach into the back of the pickup truck, and immediately thereafter the front left window of her car was smashed. Fearing for her safety, Cloonan then exited the car on the passenger's side and fled the scene, leaving her purse on the front seat. When she returned shortly thereafter with help, her purse was gone, and the pickup truck was leaving the area, carrying the two men.

Cloonan did not actually see anyone smash her car window, but saw no one other than the two men in the immediate vicinity of her car when the window was smashed.

Respondent was charged by information with two counts—

burglary and robbery—and sought in his habeas corpus petition to dismiss both. Respondent first argued that the evidence adduced at his preliminary hearing did not provide probable cause to believe that he had committed either offense, as Cloonan had admitted that she did not see him smash her car window. Respondent next argued that even if there was probable cause to believe that he had indeed smashed the car window, there was no basis for charging him with robbery, as the undisputed evidence clearly indicated that Cloonan had left the scene before the purse was taken. Respondent suggested that at best, the evidence provided a basis for charging him with larceny.

The district court refused to dismiss both counts, but, in agreement with respondent's second argument, dismissed the robbery count.

The district court erred in dismissing the robbery count. Under NRS 200.380,[1] a taking constitutes robbery even if the taking is fully completed without the victim's knowledge, if such knowledge is prevented by the use of force or fear. Moreover, although the acts of violence and intimidation preceded the actual taking of the property, and may have been primarily intended for another purpose, it is enough to support the robbery charge if the accused, taking advantage of the terrifying situation he created, fled with the victim's property. Norman v. Sheriff, 92 Nev. 695, 558 P.2d 541 (1976). In the matter before us it is undisputed that when Cloonan's car window was smashed, she fled in fear, leaving her purse behind; and that when she returned moments later, the purse was gone. Under NRS 200.380 and our holding in *Norman,* these facts, along with the other evidence adduced at the preliminary hearing, were sufficient to support the robbery charge. Accordingly, we reverse the order of the district court granting respondent's petition for a writ of habeas corpus as to the robbery charge.

Reversed and remanded.

---

[1]NRS 200.380(1) provides:

> Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.