THOMAS WAYNE CRUMP, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 15974

April 9, 1986                                716 P.2d 1387

*Morgan D. Harris,* Public Defender; *Robert L. Miller,* Deputy Public Defender, Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney; *James N. Tufteland,* Deputy District Attorney, Las Vegas; *Daniel Seaton,* Deputy District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant Thomas Wayne Crump of first degree murder and robbery, both with the use of a deadly weapon. At the penalty hearing for Crump's first degree murder conviction, the jury found three aggravating circumstances: the murder was committed by a person who had previously been convicted of another murder or of a felony involving the use or

threat of violence to the person of another; the murder was committed while the person was engaged in the commission of or flight after committing a robbery; and the murder involved depravity of mind. The jury found no mitigating circumstances and sentenced Crump to death. On appeal, Crump raises several assignments of error, which are directed to the propriety of his sentence of death. We reject them as meritless.

## THE FACTS

On October 4, 1980, Jodie Jameson's naked corpse was discovered in the bathtub of a motel room in Las Vegas. Jameson's arms and legs were tightly bound with panty hose. Around Jameson's neck was a loosely fitting ligature made from thin knotted strips of torn pillowcase fabric. An autopsy revealed the cause of Jameson's death to be ligature strangulation.

In a videotaped confession received in evidence during the guilt phase of his trial, Crump confessed that he killed and robbed Jameson, who was employed by a Las Vegas escort service, because he believed that she had robbed him. In his videotaped confession, Crump stated:

> I snapped. . . . I didn't have nothin'. . . . I told her she could take it [the money] to hell with her and I drowned her. . . . No crime of murder, of violence is justifiable, but in my estimation it was. . . . She deserved what she got, I don't feel no remorse over it. . . . I could have obtained my money without killing her. I just wanted to kill her. . . . Its an eye for an eye. . . . I premeditated. I knew I was going to kill her and I did.

In a second videotaped confession also received in evidence during the penalty phase of his trial, Crump spoke at great length about the multiplicity of crimes he had committed during his life. Crump confessed that he had committed: (1) seven murders, (2) seven attempted murders, and (3) innumerable robberies, assaults, and kidnappings. Crump additionally confessed that he had participated in a prison uprising in which a prison guard was taken hostage and killed. He had also escaped from a New Mexico jail. In this videotaped confession, Crump stated:

> "I would escape if you give me the opportunity"; "Time is nothing. . . . Penitentiary time doesn't affect me at all"; "If I was to get out of here today, I'd hurt somebody today"; and "I would like the death penalty because I deserve it. . . . I don't want to hurt nobody else."

## THE LAW

1. During the penalty phase of Crump's trial, the district

court admitted into evidence the testimony of Jerome Strickland who witnessed Crump kill Strickland's roommate, Ernie Ritchie. Crump had not been convicted of this unrelated homicide. Crump suggests that the district judge erred in admitting this evidence. In Gallego v. State, 101 Nev. 782, 711 P.2d 856 (1985), we held that evidence that a defendant had committed an unrelated homicide for which he had not been convicted may be admitted during the penalty phase of the defendant's trial, not to establish the existence of an aggravating circumstance, NRS 200.033(2), but rather as "other matter which the court deems relevant to sentence." NRS 175.552.[1] *See* State v. Skipper, 328 S.E.2d 58 (S.C. 1985); Watkins v. Commonwealth, 331 S.E.2d 442 (Va. 1985); State v. Malone, 694 S.W.2d 723 (Mo. 1985); People v. Del Vecchio, 475 N.E.2d 840 (Ill. 1985); State v. Rault, 445 So.2d 1203 (La. 1984); Milton v. Procunier, 744 F.2d 1091 (5th Cir. 1984); State v. Hensley, 691 P.2d 689 (Ariz. 1984); Smith v. State, 683 S.W.2d 393 (Tex.Ct.App. 1984); People v. Easley, 654 P.2d 1272 (Cal. 1982). Such evidence is not admissible if it is "dubious" or "tenuous," *see* Allen v. State, 99 Nev. 485, 665 P.2d 238 (1983), or if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or a needless presentation of cumulative evidence. NRS 48.035.[2] *See* Jones v. State, 101 Nev. 573, 707 P.2d 1128 (1985); Rogers v. State, 101 Nev. 457, 705 P.2d 664 (1985); Biondi v. State, 101 Nev. 252, 699 P.2d 1062 (1985).

The district judge did not err in admitting Strickland's testimony during the penalty phase of Crump's trial. Strickland's testimony was not admitted to establish the existence of an aggravating circumstance. *Gallego v. State, supra.* Strickland's testimony was neither dubious, tenuous, nor of questionable probative value: Strickland testified that he witnessed Crump kill Ritchie. *Allen v. State, supra;* NRS 48.035. His testimony was properly received.

[1]NRS 175.552 provides, in pertinent part:

In the [penalty] hearing, evidence may be presented concerning aggravating and mitigating circumstances relative to the offense, defendant or victim, and on any *other matter which the court deems relevant to sentence,* whether or not the evidence is ordinarily admissible. (Emphasis added.)

[2]NRS 48.035 provides, in pertinent part:

1. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury.
2. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

2.  During the penalty phase of Crump's trial, the district court admitted evidence that, after he killed Jameson, Crump committed and was convicted of other murders and violent felonies.[3] Crump argues that the district court erred in admitting this evidence.

The district court did not err. In *Gallego v. State, supra,* we held that NRS 200.033(2)[4] permits the introduction at the penalty phase of evidence of "convictions of murders or crimes of violence occurring after the primary offense but prior to the penalty phase of a defendant's trial" and that such convictions may serve as aggravating circumstances. *See* State v. Steelman, 612, P.2d 475 (Ariz. 1980); State v. Jordan, 614 P.2d 825 (Ariz. 1980).

3.  The evidence supports the jury's findings of three aggravating circumstances. NRS 177.055(2)(b). Nothing contained in the record indicates that the sentence of death was imposed under the influence of passion, prejudice, or any arbitrary factor. NRS 177.055(2)(c). Considering the egregiousness of the insensible killing in this case, the multiplicity of crimes Crump has committed during his life, and his statement that he will kill again, we conclude that the sentence of death imposed in this case is not excessive or disproportionate to the penalty imposed in similar cases within the state. NRS 177.055(2)(d).[5] *See Gallego v. State, supra;* Cole v. State, 101 Nev. 585, 707 P.2d 545 (1985).

---

[3]The record reveals that, after killing Jameson, Crump committed and was convicted of committing: two first degree murders with the use of a firearm; one attempted murder with the use of a firearm; three armed robberies; and one kidnapping.

[4]NRS 200.033 provides, in pertinent part:
The only circumstances by which murder of the first degree may be aggravated are:
\* \* \* \* \*
2.  The murder was committed by a person who was previously convicted of another murder or of a felony involving the use or threat of violence to the person of another.

[5]The United States Supreme Court recently held that state courts are not constitutionally required to conduct proportionality reviews of sentences of death. Pulley v. Harris, 465 U.S. 37 (1984). NRS 177.055(2)(d) was recently amended to abolish the proportionality review requirement; this amendment became effective June 6, 1985. 1985 Nev. Stats. ch. 527, § 1, at 1597-1598. The prohibition against ex post facto laws requires that we apply the law as it existed when the crime was committed. *See* Goldsworthy v. Hannifin, 86 Nev. 252, 468 P.2d 350 (1970).

## CONCLUSION

We find Crump's assignments of error meritless. Accordingly, we affirm Crump's judgment of conviction and his sentence of death.