DANIEL STEVEN JONES, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 21796

September 30, 1991 817 P.2d 1179

*Moran & Weinstock,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *David Roger,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On October 13, 1989, appellant Daniel Steven Jones (Jones) was charged with murder with use of a deadly weapon and robbery with use of a deadly weapon. On September 24, 1990, the date set for trial, Jones waived jury trial and pled guilty to First Degree Murder with Use of a Deadly Weapon. Judge Gamble and Judge Breen were appointed to preside on the three-judge sentencing panel with Judge Thompson. Witnesses' testimony indicated that Jones shot and killed Donald Woody to obtain possession of Woody's motor home. Jones had previously

been convicted of aggravated assault for attempting to kill his grandmother by hitting her over the head with a crowbar; and he was in violation of parole when he killed Woody. The State also presented evidence that Jones murdered two people in their home in Florida, although he was not charged with these murders.

After a penalty hearing, the three-judge panel found the following aggravating circumstances: (1) the murder was committed by a person previously convicted of a felony involving the use of violence to another person; (2) the murder was committed by a person under sentence of imprisonment; and (3) the murder was committed in the furtherance of a robbery. The panel found one mitigating circumstance, that Jones was remorseful. Jones was sentenced to death.

Jones argues that there was prejudicial prosecutorial misconduct during closing argument. We conclude that at least one of the prosecutor's comments was inappropriate.[1] However, this court will not reverse a verdict on the basis of prosecutorial misconduct when the defendant failed to object, there was overwhelming evidence of guilt, and the offensive remarks did not contribute to the verdict. Pellegrini v. State, 104 Nev. 625, 628-629, 764 P.2d 484, 487 (1988). We find that all of these circumstances exist in this case.

Next, Jones contends that the sentencing court erred in allowing the State to present evidence of torture and mutilation. According to NRS 200.033(8), as construed by this court, depravity of mind is an aggravating circumstance where the murder involves torture or mutilation of the victim. The State presented evidence to support its assertion that this murder involved torture and mutilation. Moreover, because the sentencing court did not find torture and mutilation to exist, we conclude that this argument lacks merit.

Jones also maintains that the district court erred in allowing the State to present evidence (witness testimony) of two murders which occurred in Florida. The decision to admit particular evidence during the penalty phase of a capital case is within the sound discretion of the trial court. Milligan v. State, 101 Nev. 627, 636, 708 P.2d 289, 295 (1985); NRS 48.035. Evidence of unrelated crimes for which a defendant has not been convicted is inadmissible during the penalty phase if it is dubious or tenuous,

---

[1]Specifically, the prosecutor said, "there's one place that this man belongs. He has wished for it. I wish it for him as well."

or if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. NRS 48.035. Otherwise, the evidence is admissible as "other matter which the court deems relevant to sentence" under NRS 175.552. Crump v. State, 102 Nev. 158, 160-161, 716 P.2d 1387, 1388-1389 (1986), *cert. denied,* 479 U.S. 871 (1986). We conclude that the district court did not abuse its discretion in finding the evidence admissible. The State presented significant, corroborated testimony of several witnesses, indicating that Jones killed a husband and wife in Jacksonville, Florida, while their teenage daughter was in the house.

Next, Jones argues that the death penalty was imposed under the influence of passion, prejudice, or other arbitrary factors. Specifically, Jones objects to the presentation of evidence of the Florida murders and the prosecutor's misstatements during closing argument. We have already determined that the Florida murders were properly admitted during the sentencing phase. As to any prosecutorial misconduct, trial judges are presumed to know the law and to apply it in making their decisions. Walton v. Arizona, 497 U.S. 639, 110 S.Ct. 3047 (1990). Because any evidence not properly before the court would not have been considered by the judges in determining Jones' sentence, we conclude that Jones suffered no prejudice.

Jones also asserts that the sentencing panel erroneously found three aggravating circumstances and only one mitigating factor. We conclude that the sentencing panel acted within its authority in finding that Jones was under sentence of imprisonment when he committed the murder. *See* Nevius v. State, 101 Nev. 238, 243, 699 P.2d 1053, 1056 (1985) (although defendant had been granted parole, was placed in a transitional facility, and walked away from facility, the court found that he was still under sentence of imprisonment at time of murder); NRS 200.033(1). Also, the sentencing panel properly found that Jones was previously convicted of a felony involving the use of threats or violence against the person of another. NRS 200.033(2). Jones had been convicted of aggravated assault: to wit, hitting his grandmother over the head with a crowbar. Finally, there is evidence to support the panel's finding that Jones committed the murder while in the commission of a robbery. NRS 200.033(4). Martha Kincaid, Jones' former girlfriend, testified that Jones told her he planned to murder Woody (the victim) in order to obtain his

motor home. Detective Donald Dibble testified that, in the driver's compartment of the vehicle, he found a notebook which contained a handwritten bill of sale transferring title from Woody to Jones, dated July 3, with no year. However, Jones told Dibble that he bought the motor home from a man named John in mid-July 1989, for $500. Furthermore, Devin Arguello, a car dealer in Reno, testified that in June of 1989, Jones came to where he worked and told him he would be back after he picked up his motor home which had cost him about $36,000. However, when he returned, he was driving an old motor home, which had apparently been spray painted and was worth about $7,000. The authorities determined that the vehicle belonged to Woody.

The sentencing panel also did not abuse its discretion in finding only one mitigating circumstance, that Jones was somewhat remorseful. Although Jones submits that he had numerous problems at the time of the murder, he was "in a serious mental state" and was highly intoxicated, the panel was free to disregard any of Jones' self-serving statements. As to the fact that Jones' counsel had difficulty in obtaining material to refute the allegations of the Florida murders, we conclude that the panel heard Steven Dahl's testimony and was within its authority in deciding that the defense's inability to obtain the material was not a mitigating circumstance.

Next, Jones contends that he received a sentence excessive for the crime charged. NRS 177.055(2)(d) mandates a review as to whether the sentence of death was excessive, considering both the crime and the defendant. Considering the egregiousness of the killing and the number of crimes Jones has committed during his life, we conclude that the sentence was not excessive or disproportionate to the crime. *See Crump,* 102 Nev. at 162, 716 P.2d at 1389 (1986).

Finally, Jones argues that the district court erred in failing to have a psychiatrist examine him to determine his competence at both the guilt and penalty phase of this case. NRS 178.405 provides that if doubt arises as to the competence of the defendant, the court shall suspend the pronouncement of the judgment until the question of competence is determined. The test to be applied in determining competency is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational and factual understanding of the proceedings against him.

Melchor-Gloria v. State, 99 Nev. 174, 178-180, 660 P.2d 109, 113 (1983). However, in the absence of reasonable doubt as to a defendant's competence, the district judge is not required to order a competency examination. Martin v. State, 96 Nev. 324, 325, 608 P.2d 502, 503 (1980). Although Jones stated that he was "in a sick mind" and that his grandmother was satanic, we conclude that the district court's failure to order a competency examination was not erroneous.

Accordingly, we affirm the sentence of death.