THOMAS W. CRUMP, Petitioner, *v.* THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and For Carson City, and THE HONORABLE MICHAEL R. GRIFFIN, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 32020

May 19, 1998

958 P.2d 1700

*Steven G. McGuire,* State Public Defender, and *James P. Logan,* Deputy Public Defender, Carson City, for Petitioner.

*Frankie Sue Del Papa,* Attorney General, and *Julie A. Slabaugh,* Deputy Attorney General, Carson City; *Noel S. Waters,* District Attorney, Carson City, for Real Party in Interest.

## OPINION

*Per Curiam:*

On April 25, 1984, petitioner Thomas Wayne Crump was convicted in the Eighth Judicial District Court, Clark County, pursuant to a jury verdict, of one count of first degree murder with use of a deadly weapon and one count of robbery with use of a deadly weapon. Crump was sentenced to death. This court affirmed his conviction and death sentence. Crump v. State, 102 Nev. 158, 716 P.2d 1387, *cert. denied,* 479 U.S. 871 (1986).

On October 28, 1986, Crump filed a proper person petition for post-conviction relief in the Eighth Judicial District Court. Pursuant to NRS 177.345(1), the district court was required to appoint counsel to represent Crump upon a showing that he was indigent.[1] Therefore, on November 4, 1986, the district court appointed Barbara Schubel to represent Crump. On April 14, 1987, the district court denied Crump's petition, and this court dismissed the appeal from the district court's order. Crump v. State, Docket No. 18226 (Order Dismissing Appeal, August 31, 1988).

---

[1] In 1991, NRS 177.345 was amended to make appointment of counsel discretionary. 1991 Nev. Stat., ch. 556, § 19, at 1754. On January 1, 1993, this provision was repealed. 1991 Nev. Stat., ch. 44, § 31, at 92.

On August 31, 1989, while incarcerated in the Nevada State Prison in Carson City, Crump filed in the First Judicial District Court, Carson City, his second post-conviction petition. This petition, requesting a writ of habeas corpus, alleged, *inter alia,* ineffective assistance of Schubel, his first post-conviction petition counsel. On March 26, 1990, Crump filed a supplement to his petition. On May 17, 1990, Crump filed an addendum to the supplement to the petition. Four years later, on July 6, 1994, Crump filed a second addendum to the supplement. In the meantime, on September 30, 1989, only one month after filing his petition, Crump was transferred to the new death row facilities at Ely State Prison in White Pine County.

On July 21, 1994, the state filed a motion to dismiss Crump's petition, and on August 30, 1994, Crump opposed the motion. On November 7, 1995, the First Judicial District Court granted the state's motion and dismissed Crump's petition without holding an evidentiary hearing. Crump appealed to this court.

On February 26, 1997, this court issued an opinion, remanding this case to the First Judicial District Court where Crump's second post-conviction petition was originally properly filed on August 31, 1989. This court ordered the district court to hold an evidentiary hearing on the issue of ineffective assistance of Crump's first post-conviction petition counsel, Schubel. Crump v. Warden, 113 Nev. 293, 304, 934 P.2d 247, 254 (1997). On March 14, 1997, Crump filed a petition for rehearing, contending that this court erred by remanding his case to the First Judicial District Court. He argued for the first time that because provisions of NRS Chapter 34 and Article 6, Section 6, Clause 1 of the Nevada Constitution changed, effective 1993, this court should have remanded this case to the Eighth Judicial District Court, where he was convicted.

On December 17, 1997, this court issued an order denying rehearing, rejecting Crump's argument that pursuant to NRS 34.738(1),[2] the Eighth Judicial District Court had sole jurisdiction over these proceedings. We concluded that because NRS 34.738 only applied to petitions filed on or after January 1, 1993, it did not apply to Crump's August 31, 1989 petition. *See* 1991 Nev. Stat., ch. 44, § 32, at 92. In that order, we did not address how Article 6, Section 6, Clause 1 of the Nevada Constitution applies in this case. Crump v. Warden, Docket No. 27937 (Order Denying Rehearing, December 17, 1997).

On January 16, 1998, Crump moved the First Judicial District

---

[2]NRS 34.738(1) states in part: "A petition that challenges the validity of a conviction or sentence must be filed with the clerk of the district court for the county in which the conviction occurred."

Court to change venue to the Eighth Judicial District Court. After arguments, on February 9, 1998, the district court denied the motion.

On March 24, 1998, Crump filed the instant petition for a writ of certiorari or in the alternative a writ of mandamus or in the alternative a writ of prohibition. In his petition, Crump asserts that the Nevada Constitution requires his case to be remanded to the Eighth Judicial District Court, where he was convicted, because he is no longer incarcerated in Carson City and was not convicted there.

Our initial inquiry is whether extraordinary relief is available to review the challenged order. Crump's instant petition challenges the First Judicial District Court's jurisdiction, claiming specifically that the court exceeded its jurisdiction by denying Crump's motion to change venue and that the court lacks jurisdiction to conduct the required evidentiary hearing and rule on his post-conviction petition. Further, as an order denying a motion to change venue in a criminal case is not an order subject to an interlocutory appeal, Crump alleges that he has no plain, speedy, and adequate legal remedy. *See* Mazzan v. Warden, 112 Nev. 838, 843 n.2, 921 P.2d 920, 922 n.2 (1996). Crump argues that his only remedy at law would be to proceed with the evidentiary hearing in the First Judicial District Court and if he loses, raise the change-of-venue issue as one claim in his appeal to this court. This, he contends, is no remedy at all. Assuming that this court may appropriately exercise its discretion to entertain this original petition for extraordinary relief, we conclude that such relief is not warranted and therefore deny the instant petition.

Crump alleges in the petition that the First Judicial District Court lacks jurisdiction to conduct an evidentiary hearing and rule on his second post-conviction petition. His argument relies on the Nevada Constitution, Article 6, Section 6, Clause 1, which reads in part:

> The District Courts and the Judges thereof shall also have power to issue writs of Habeas Corpus on petition by, or on behalf of any person who is held in actual custody in their respective districts, or who has suffered a criminal conviction in their respective districts and has not completed the sentence imposed pursuant to the judgment of conviction.[']

---

[3]In 1989, prior to the constitutional amendment effective January 1, 1993, this provision granted district courts the power to issue a writ of habeas corpus only on behalf of a person "held in actual custody in their respective districts." Nev. Const. art. VI, § 6, cl. 1 (1989). Consequently, Crump's argument that the First Judicial District Court lost jurisdiction could have been raised as early as September 30, 1989, when he transferred prisons.

Accordingly, Crump argues that this court erred by remanding the proceedings on his second post-conviction petition to the First Judicial District Court, where he was not convicted and where he is no longer held in custody. Rather, Crump insists that the proper venue for his second post-conviction petition is in the Eighth Judicial District Court, where he was convicted on April 25, 1984.

Crump concedes that on August 31, 1989, he was required to file his second post-conviction petition in the First Judicial District Court and that such filing was proper.[4] However, Crump urges us to adopt a narrow reading of our state constitution which would divest the First Judicial District Court of jurisdiction over Crump's second post-conviction petition once he was transferred to the new death row facilities in White Pine County on September 30, 1989. Crump implores us to ratify his interpretation even though jurisdiction in the First Judicial District Court was proper when the petition was filed one month earlier and the First Judicial District Court presided over the proceedings for more than eight years.

We conclude that having once properly exercised jurisdiction over a habeas proceeding, a district court may retain jurisdiction despite a transfer of the habeas petitioner to a prison outside the court's judicial district. This reading of the Nevada Constitution promotes judicial economy and prevents unnecessary delay and waste of state resources. Accordingly, we hold that the First Judicial District Court may retain jurisdiction over Crump's second post-conviction petition despite his subsequent transfer to White Pine County.

The First Judicial District Court and the attorneys in this case are familiar with the issues and facts of the post-conviction petition. Changing venue at this point in time, after nine years have already elapsed since Crump filed his second post-conviction petition, and where Crump failed to assert this contention until recently would create more unnecessary delay and

---

[4]In 1989, NRS 34.730(1) read in part: "A petition for a writ of habeas corpus . . . must be . . . filed with the clerk of the district court for the county in which the petitioner is in *actual custody.*" (Emphasis added.) In 1991, the Nevada Legislature eliminated the requirement that the petition for habeas relief be filed where the petitioner is in custody. 1991 Nev. Stat., ch. 44, § 12, at 79. Instead, the legislature enacted NRS 34.738, effective for petitions filed on or after January 1, 1993, requiring the petition to be filed where the petitioner was originally convicted. 1991 Nev. Stat., ch. 44, § 6, at 76.

would not serve the ends of justice.[5] Accordingly, we deny Crump's petition for a writ of certiorari or in the alternative a writ of mandamus or in the alternative a writ of prohibition.[6]

---

[5]We grant the state's April 21, 1998 motion for leave to file an answer to Crump's petition for a writ of certiorari. We direct the clerk of this court to file the state's answer, received on April 21, 1998.

[6]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this matter.