An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ISMAEL LUPERCIO RAMOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63129

**FILED**

OCT 1 6 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of the sale of a controlled substance. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

Appellant argues that the prosecutor "impermissibly shifted the burden to [appellant] to make an allocution statement during sentencing." In particular, he contends that the prosecutor's statements, "[Appellant] gets the last word to Your Honor" and "See what he says to you Your Honor when he gets the chance to do that. See how serious he is," constitute improper references to his constitutional right not to incriminate himself. Appellant did not object, and therefore we review for plain error affecting his substantial rights. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008).

Although not entirely clear, it appears from the context of the prosecutor's argument that the challenged statements were in response to appellant's request to be sent to drug court or placed on probation. *See Knight v. State*, 116 Nev. 140, 144-45, 993 P.2d 67, 71 (2000) (observing that "[a] prosecutor's comments should be viewed in context" when considering whether a defendant should be afforded relief). The prosecutor argued to the district court that if appellant is given either of

those opportunities "[a]nd then when he fowls (sic) up and we catch him with a gun and maybe he shoots somebody, well maybe we can send him to prison for a long, long time," suggesting that appellant should be sent to prison now to avoid future criminal activity. In that context, we conclude that the comments were not improper.

To the extent that the prosecutor's statements can be construed as improper, *see generally Bridges v. State,* 116 Nev. 752, 763, 6 P.3d 1000, 1008 (2000) (noting that a direct comment by the prosecutor on a defendant's failure to testify violates his constitutional right against self-incrimination), we conclude that appellant failed to demonstrate plain error affecting his substantial rights. Nothing in the record indicates that the statements influenced the district court's sentencing decision, and "trial judges are presumed to know the law and to apply it in making their decisions." *Jones v. State*, 107 Nev. 632, 636, 817 P.2d 1179, 1181 (1991).

Having considered appellant's argument and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.     _____, J.
Parraguirre                      Cherry

cc:    Hon. Michael Montero, District Judge
       Pershing County Public Defender
       Attorney General/Carson City
       Humboldt County District Attorney
       Humboldt County Clerk