An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KYLE ADRIAN WILSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65148

**FILED**

MAY 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, battery with intent to commit robbery, attempted robbery, and battery. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Kyle Wilson contends that the evidence presented at trial was insufficient to support the jury's finding of guilt as to the charge of battery with intent to commit robbery. Wilson argues that the offense could not be established beyond a reasonable doubt because there was no evidence that he took any property from the victim's home or that he hit the victim in order to facilitate the taking of property. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The victim testified that Wilson unlawfully entered her residence, entered the bedroom in which she was sleeping, and demanded

SUPREME COURT
OF
NEVADA

(O) 1947A

15-16441

that she give him money. She testified that she told him that there might be something of interest in the master bedroom and that Wilson told her to take him there. She testified that, once there, she opened a drawer and Wilson began to hit her on the head, face, arms, and chest. Photographs of her injuries were admitted as exhibits at trial. Recordings of Wilson's jail calls were played for the jury, in which Wilson admitted that he unlawfully entered the house to rob it and asserted that he beat the victim to get more time to escape.

The jury could reasonably infer from the evidence presented that Wilson battered the victim with the intent of obtaining possession of property, preventing or overcoming resistance to his taking such property, or facilitating escape. *See* NRS 200.380(1), 200.400(1)(a); *see Norman v. Sheriff*, 92 Nev. 695, 697, 558 P.2d 541, 542 (1976) (holding that a charge for robbery was justified where the acts of violence preceded the taking (and which may have been intended for a different purpose), noting that matters immediately antecedent and directly causally connected may be deemed so closely connected as to form part of the occurrence). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Having considered Wilson's contention and concluded that it is without merit, we

ORDER the judgment of conviction AFFIRMED.[1]

_____ , C.J.
Hardesty

_____ , J.     _____ , J.
Douglas                          Cherry

cc:     Hon. Michael Villani, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]In spite of this court's order to do so, Wilson's counsel has failed to brief the issue posed by *Blockburger v. United States*, 284 U.S. 299 (1932). Accordingly, the double-jeopardy issue has been waived. *See LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 926 n.3 (2014).