# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS WAYNE CRUMP,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63346

FILED

MAR 2 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying appellant Thomas Wayne Crump's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Crump was convicted of robbery with the use of a deadly weapon and first-degree murder with the use of a deadly weapon for robbing and strangling Jodie Jameson in October 1980. He was sentenced to death. This court affirmed his conviction and sentence. *Crump v. State*, 102 Nev. 158, 716 P.2d 1387 (1986). Crump unsuccessfully sought postconviction relief in two prior petitions. *Crump v. Warden*, Docket No. 46033 (Order of Affirmance, November 29, 2006); *Crump v. State*, Docket No. 18226 (Order Dismissing Appeal, August 31, 1988). Crump filed the instant petition in the district court on September 11, 2008. The district court dismissed the petition as procedurally barred and this appeal followed.

*Procedural bars*

Crump's postconviction petition for a writ of habeas corpus is subject to several procedural bars. The petition was untimely as it was

16-09465

filed more than one year after this court issued its remittitur on direct appeal. NRS 34.726(1).[1] To the extent that the petition raised the same claims that were raised in prior petitions, it was successive. NRS 34.810(2). To the extent that the petition raised new claims that could have been litigated in a prior proceeding, it constituted an abuse of the writ. NRS 34.810(1)(b). The petition was therefore procedurally barred absent a demonstration of good cause and prejudice. NRS 34.726(1); NRS 34.810(1)(b), (3).

In addition, the State pleaded laches. Under NRS 34.800, a petition may be dismissed if the delay in filing the petition prejudices the State. NRS 34.800(1). Prejudice is presumed when a petition is filed five years after a decision on direct appeal of a judgment of conviction. *See* NRS 34.800(2). NRS 34.800 bars claims unless the petitioner can demonstrate that he was reasonably diligent in discovering the facts underlying his petition to overcome the presumed prejudice to the State in responding to the petition, *see* NRS 34.800(1)(a), and that the failure to consider the petition amounts to a fundamental miscarriage of justice to overcome the presumed prejudice to the State in retrying the defendant, *see* NRS 34.800(1)(b).

As cause to overcome the procedural default rules, Crump contends that the ineffective assistance of prior counsel and intervening

---

[1]The petition was also filed more than one year after the effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 33, at 92; *see also Pellegrini v. State*, 117 Nev. 860, 874-75, 34 P.3d 519, 529 (2001).

changes in the law provided him with good cause to raise the claims in the instant petition.[2]

*Ineffective assistance of prior counsel*

Crump contends that the district court erred in denying his petition as procedurally barred because the ineffective assistance of appellate and postconviction counsel provided him with good cause to excuse the procedural bars.[3] We disagree. "[T]o constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted." *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003); *see also Edward v. Carpenter*, 529 U.S. 446, 452-53 (2000) (concluding that claim of ineffective assistance of counsel cannot serve as cause for another procedurally defaulted claim where ineffective-

---

[2]Crump argues that the district court erred by relying upon procedural default rules because this court applies them inconsistently and in its discretion. Because this court has repeatedly rejected this argument, *see, e.g., State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 236, 112 P.3d 1070, 1077 (2005); *Pellegrini*, 117 Nev. at 886, 34 P.3d at 536, we reject it here as well. Crump also contends that the district court's decisions during the litigation of his first postconviction petition provide good cause for his failure to raise claims sooner. These allegations are insufficient to establish good cause as they should have been raised on appeal from that decision. *See* NRS 34.810(1)(b); *Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506.

[3]Crump cites *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), in support of his contention that the ineffectiveness of postconviction counsel denied him a full and fair opportunity to litigate his prior petitions. In *Martinez*, the United States Supreme Court recognized that the ineffective assistance of state postconviction counsel may establish good cause to avoid federal procedural default rules based on the failure to assert claims in a state petition. *Id.* at ___, 132 S. Ct. at 1320. *Martinez* does not apply to habeas petitions filed in state court. *Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 874 (2014).

assistance claim also is subject to procedural default). In other words, a petition must demonstrate cause for raising the ineffective-assistance-of-counsel claims in an untimely fashion. *See* NRS 34.726(1); *Riker*, 121 Nev. at 235, 112 P.3d at 1077 (applying NRS 34.726 to ineffective assistance of postconviction counsel claims); *Pellegrini*, 117 Nev. 860, 34 P.3d 519 (holding that the time bar of NRS 34.726 applies to successive petitions).

Crump failed to explain how appellate and postconviction counsels' alleged deficiencies precluded him from filing his third petition until over 32 years after the resolution of his direct appeal and roughly 30 years after the order dismissing the appeal from the district court's denial of his first postconviction petition. To the extent that he contends that any procedural default should be excused due to second postconviction counsel's ineffective assistance, he was not entitled to the effective assistance of second postconviction counsel. *See* NRS 34.820(1) (requiring appointment of counsel to represent capital petitioner on first petition); *Crump*, 113 Nev. at 303, 934 P.2d at 253 (stating that "petitioner who has counsel appointed by statutory mandate is entitled to the effective assistance of that counsel"). Therefore, counsel's ineffectiveness, if any, did not excuse any procedural default.

*Intervening changes in the law*

Crump argues that intervening changes in the law provide good cause to excuse his untimely and successive petition. First, Crump claims that the definition of premeditation relied upon in his case, as defined by the *Kazalyn* instruction,[4] was erroneous under *Byford* and *Hern*

---

[4]*Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992), *prospectively modified by Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714 (2000).

*v. State*, 97 Nev. 529, 635 P.2d 278 (1981). He contends that the Ninth Circuit Court of Appeals' decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), provides a basis for this court to revisit this claim. We disagree. Crump's conviction was final roughly 14 years before this court disapproved of the *Kazalyn* instruction and set forth instructions to use in the future in *Byford*, and therefore, *Byford* does not apply. Moreover, *Byford* did not alter the law in effect when Crump's conviction became final; rather, it changed the law prospectively. And because that change concerned a matter of state law, the *Byford* decision did not implicate federal constitutional concerns. *See Nika v. State*, 124 Nev. 1272, 1284-85, 198 P.3d 839, 847-49 (2008). Therefore, Crump failed to demonstrate the district court erred in concluding that *Polk* did not provide good cause to excuse the procedural bars. To the extent that Crump relies on *Hern*, it was decided before his conviction and therefore cannot support an allegation of good cause for a petition filed 32 years after his conviction became final. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506.[5]

---

[5]Recently, the Ninth Circuit Court of Appeals decided *Riley v. McDaniel*, 786 F.3d 719 (9th Cir. 2015), *petition for cert. filed*, No. 15-630 (U.S., Nov. 9, 2015). In *Riley*, the court concluded that prior to *Powell v. State*, 108 Nev. 700, 838 P.2d 921 (1992), the *Kazalyn* instruction did not accurately inform juries of the elements of first-degree murder but that after the *Powell* decision, the *Kazalyn* correctly instructed juries on the elements of first-degree murder until the *Byford* decision prospectively changed the law. *Id.* at 723-24. Although we question the premise of the decision in *Riley, see Nika*, 124 Nev. at 1280-87, 198 P.3d at 845-48 (discussing history of Nevada law on the phrase "willful, deliberate, and premeditated," including *Hern*, and explaining that prior to *Byford*, this court had not required separate definitions of the terms and had instead viewed them as together conveying a meaning that was sufficiently described by the definition of "premeditation" eventually approved in

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

Moreover, Crump admitted that the killing, by means of strangulation, was premeditated. *Crump v. State*, 102 Nev. 158, 160, 716 P.2d 1387, 1388 (1986). Considering the time it took to strangle the victim during the struggle and his admission, Crump failed to demonstrate that he would not have been found guilty of first-degree murder had the *Byford* instruction been given. *See Cortinas v. State*, 124 Nev. 1013, 1029, 195 P.3d 315, 326 (2008) ("[T]he use of a ligature and the time required to strangle a person are legitimate circumstances from which to infer that a killing is willful, deliberate, and premeditated."); *Leonard v. State*, 114 Nev. 1196, 1210-11, 969 P.2d 288, 297 (1998) (providing that from the medical testimony concerning the time it took to strangle the victim "[t]he jury could reasonably infer from the evidence presented that the killing was willful, deliberate, and premeditated"). Therefore, the district court did not err in denying this claim as procedurally barred.

Second, Crump argues that this court's decision in *Nay v. State*, 123 Nev. 326, 333, 167 P.3d 430, 435 (2007), in which we concluded that "[r]obbery does not support felony murder where the evidence shows that the accused kills a person and only later forms the intent to rob that person," provides him with good cause to challenge the robbery aggravating circumstance as invalid. He asserts that the robbery aggravating circumstance does not apply when the accused only later forms the intent to rob the person killed. We conclude that Crump has failed to establish that *Nay* provides good cause to excuse his procedural default. *Nay* focuses on the felony-murder rule's purpose, and the purpose

---

*...continued*

*Kazalyn* and *Powell*), *Riley* would not provide good cause as it relies on *Hern*, which has been available for decades.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

for the felony-murder rule and the felony aggravating circumstance are not the same. The felony-murder rule's purpose is "'to deter dangerous conduct by punishing as a first degree murder a homicide resulting from dangerous conduct in the perpetration of a felony.'" *Id.* at 332, 167 P.3d at 434 (quoting *State v. Allen*, 875 A.2d 724, 729 (M.D. Ct. App. 2005)). Although the general purpose of the death penalty is deterrence, the aggravating circumstances serve an entirely different purpose—to determine which defendants convicted of first-degree murder are eligible for the death penalty. NRS 175.554(3); NRS 200.030(4)(a). Given this distinction in purpose, the district court did not err in denying Crump's good-cause claim.

Moreover, Crump failed to demonstrate that the jury would not have found the aggravating circumstance had it been instructed that afterthought robbery could not support the aggravating circumstance. The State argued that Crump used force or the threat of force to obtain the victim's money and car keys. The evidence indicated that Crump intended to rob the victim when he murdered her. *See Norman v. Sheriff, Clark Cty.*, 92 Nev. 695, 697, 558 P.2d 541, 542 (1976) ("Robbery is not confirmed to a fixed locus, but is frequently spread over considerable and varying periods of time."). Additional penalty hearing evidence established that Crump routinely murdered or attempted to murder individuals for their property. Therefore, the district court did not err in concluding that Crump failed to demonstrate actual prejudice.

*Fundamental miscarriage of justice*

Crump argues that the district court erred in denying his claims of actual innocence of first-degree murder and of the death penalty. When a petitioner cannot demonstrate good cause, the district court may

nevertheless excuse a procedural bar if the petitioner demonstrates that failing to consider the petition would result in a fundamental miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). A fundamental miscarriage of justice requires "a colorable showing" that the petitioner is "actually innocent of the crime or is ineligible for the death penalty." *Id.* When claiming a fundamental miscarriage based on actual innocence, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him absent a constitutional violation." *Id.* In this context, actual innocence means "factual innocence, not mere legal insufficiency." *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) (internal quotation marks and citation omitted). Similarly, when claiming a fundamental miscarriage based on ineligibility for the death penalty, the petitioner "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him death eligible." *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537.

### Actual innocence of first-degree murder

Crump argues that the district court's failure to consider his claim that counsel was ineffective for failing to discover neurological evidence amounted to a fundamental miscarriage of justice. He contends that this evidence shows that he was unable to form the intent necessary to convict him of first-degree murder.

In support of his claim, Crump submitted evidence showing that he suffered from neurological impairments. Crump appeared to have low-average intellectual functioning and could "be extremely impulsive in the expression of anger." An evaluator concluded that Crump presented with organic personality syndrome which rendered him "substantially

unable to conform his conduct to the requirements of law, due to extreme dyscontrol of impulsive anger secondary to disinhibition of the frontal-executive-limbic inhibitory system." At the time he murdered Jameson, he was likely in "extreme emotional duress as a direct consequence of his brain damage/dysfunction."

We conclude that Crump failed to demonstrate that the district court erred in denying this claim without holding an evidentiary hearing. Even if the opinion, that Crump's impairments rendered him unable to premeditate and deliberate, is credible, Crump did not "show that it is more likely than not that no reasonable juror would have convicted him beyond a reasonable doubt" given the opinion. *Berry v. State*, 131 Nev., Adv. Op. 96, at 14, ___ P.3d ___, ___ (2015). The circumstances of the crime and Crump's own confession contradicted this opinion and showed that the murder was premeditated and Crump was capable of premeditation. The preparation necessary to fill the tub and bind Jameson in an attempt to drown her, as well as the time it took to strangle her, suggested that the crime was a deliberate act, not a rash impulse. *See Cortinas*, 124 Nev. at 1029, 195 P.3d at 326; *Leonard*, 114 Nev. at 1210-11, 969 P.2d at 297. Crump later stated, "I just wanted to kill her . . . . I premeditated. I knew I was going to kill her and I did." *Crump*, 102 Nev. at 160, 716 P.2d at 1388. Therefore, the district court did not err in concluding, without conducting an evidentiary hearing, that Crump failed to demonstrate that the failure to consider this claim would result in a fundamental miscarriage of justice.

*Ineligibility for the death penalty*

Crump contends that there is a reasonable probability that the jury would not have imposed the death penalty in light of the two invalid

aggravating circumstances: robbery and depravity of mind. We disagree. As discussed above, Crump failed to demonstrate that the robbery aggravating circumstance was improperly found in his case. Because at least one aggravating circumstance remains, Crump failed to demonstrate that he was actually innocent of the death penalty. *See Lisle v. State*, 131 Nev., Adv. Op. 39, 351 P.3d 725, 732 (2015) (noting that gateway claim that petitioner is actually innocent of the death penalty must focus on the elements of the crime and the aggravating circumstances). Therefore, the district court did not err in denying this claim.[6]

Having considered Crump's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[6]Crump also contends that the district court erred in rejecting his claim of cumulative error. As he has failed to demonstrate good cause to excuse the procedural defaults or to demonstrate a fundamental miscarriage of justice, this claim does not afford him any relief.

cc:    Hon. Kathleen E. Delaney, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk