# IN THE SUPREME COURT OF THE STATE OF NEVADA

TORRENCE LEWIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72589

**FILED**

APR 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Torrence Lewis appeals his judgment of conviction, after a jury trial, of mayhem with use of a deadly weapon and battery with use of a deadly weapon. Eighth Judicial District Court, Clark County; Sr. J. Charles Thompson, Judge.

Lewis argues that (1) the district court abused its discretion by not ordering a competency evaluation after his counsel requested one during trial, (2) the eyewitness testimony identifying him as the man who slashed the two victims' faces was insufficient to support his convictions, and (3) his sentence as a large habitual criminal is cruel and unusual. We reject Lewis's arguments and affirm.

### *Competency evaluation*

The district court did not abuse its discretion by denying defense counsel's request for a competency evaluation. *See Jones v. State*, 107 Nev. 632, 638, 817 P.2d 1179, 1182 (1991) ("[I]n the absence of reasonable doubt as to a defendant's competence, the district judge is not required to order a competency examination."). The district court, after a lengthy dialogue with Lewis, was within its discretion to determine that Lewis's outbursts at trial and defense counsel's opinion as to Lewis's

18-16057

competency were indications that Lewis was simply frustrated with the trial as opposed to potentially incompetent to stand trial. *See Graves v. State*, 112 Nev. 118, 124, 912 P.2d 234, 238 (1996) ("Through face-to-face interaction in the courtroom, the trial judges are much more competent to judge a defendant's understanding than this court. The cold record is a poor substitute for demeanor observation."). That Lewis behaved erratically does not necessarily raise a reasonable doubt as to his competency, especially given the other indications that Lewis understood the charges against him and the purpose of the proceedings and was able and trying to assist his counsel. *Cf. Jones*, 107 Nev. at 638, 817 P.2d at 1182 (district court was within its discretion to proceed with sentencing despite defendant's statements "that he was 'in a sick mind' and that his grandmother was satanic").

While the timing of defense counsel's request—made for the first time during the middle of trial—would not have been a proper basis for denying a competency evaluation, *see* NRS 178.405(1), the other circumstances surrounding the request support the district court's decision. For example, Lewis's opinion that his attorney was not doing a good job to punish him for exercising his speedy trial right, and Lewis's frustration with counsel not taking his suggestions for witnesses to call and questions to ask of witnesses who were called, both indicate that Lewis understood the charges against him and the nature of the proceedings, and that he not only could assist in his defense but was attempting to do so. Further, the district court repeatedly canvassed Lewis as to his right to testify or not testify, and Lewis ultimately decided to testify in his defense with an understanding of his rights. Thus, the record supports the district court's conclusion that Lewis had "the capacity to understand the nature and object

of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *see also Dusky v. United States*, 362 U.S. 402, 402 (1960); NRS 178.400(2).

## *Sufficiency of the evidence*

The eyewitness testimony identifying Lewis as the man who slashed the victims' faces was sufficient to support his conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."); *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984). The witnesses' testimony established the elements of both crimes under NRS 200.280 (mayhem) and NRS 193.165 (additional penalty for use of deadly weapon), and NRS 200.481 (battery with use of a deadly weapon). Lewis's arguments as to those witnesses' credibility and inconsistencies were determinations to be made by the jury. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses.") (alteration in original) (quoting *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992)); *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221 (1979) ("It is well established in this state that it is the function of the jury to weigh the credibility of the identifying witness."). Therefore, we conclude that the State presented sufficient evidence at trial to support Lewis's convictions.

## *Sentence*

Finally, the district court did not abuse its discretion by adjudicating Lewis as an habitual criminal and sentencing him under NRS 207.010(1)(b) to life with the possibility of parole after a minimum of twenty

years, nor was the sentence cruel or unusual. Lewis does not challenge the constitutionality of NRS 207.010, but instead claims that the sentence is cruel and unusual primarily because it exceeds what the State and the Division of Parole and Probation recommended. We reject this argument as the district court's sentence was within the statutory guidelines and in fact below the maximum punishment allowed under NRS 207.010(1)(b)(1)—the district court could have sentenced Lewis to life without the possibility of parole. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489 (2009) ("Regardless of its severity, a sentence that is within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.") (quoting *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996)). Nor does the sentence "shock the conscience" for an incident where Lewis slashed two people in the face for apparently no reason and then walked away. Thus, Lewis's sentence is not cruel and unusual so as to violate the Eighth Amendment to the United States Constitution or article 1 section 6 of the Nevada Constitution. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:   Chief Judge, The Eighth Judicial District Court
      Hon. J. Charles Thompson, Senior Judge
      The Law Office of David R. Fischer
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk